No. 42,650

RICHARD WYCOFF and RAYMOND WYCOFF, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LOGAN, KANSAS; CLAUDE M. FULTON, JACOB UHRICH and ROY KRONVALL, members of The Board of County Commissioners of the County of Logan, Kansas; and the following County Officers of Logan County, Kansas, to wit: HARRY B. PHELPS, County Attorney; MARJORIE WRIGHT, Register of Deeds; L. P. BAXTER, County Clerk; ADA F. ROGGE, Clerk of the District Court; NELL POTTERF, Probate Judge; FERN MAJORS, County Treasurer; and RUTH E. LANGDON, County Superintendent, *Appellees.*

(370 P. 2d 138)

Opinion filed April 7, 1962.

*James W. Wallace,* of Scott City, argued the cause, *D. B. Lang,* of Scott City, and *V. E. Artley,* of Russell Springs, were with him on the brief for the appellants.

*Corwin C. Spencer,* of Oakley, argued the cause, *C. A. Spencer, J. H. Jenson* and *Harry B. Phelps,* all of Oakley, were with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action by the appellants to enjoin the appellees from removing the respective offices of the county seat of Logan County, Kansas, from its present location to the city of Oakley, Kansas. The order of removal was made subsequent to a special election held pursuant to the provisions of G. S. 1949, 19-1601 to 19-1630, inclusive.

Appeal has been taken from an order of the trial court overruling the appellants' motion for judgment on the pleadings.

The controlling question is whether the order of the trial court denying the motion for judgment on the pleadings is appealable.

Whether an appeal lies from an order overruling a motion for judgment on the pleadings is a jurisdictional question, and it is the duty of this court to determine such jurisdictional question even though it has not been raised by the parties to the proceedings. (*Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 213 P. 2d 959.)

A motion for judgment on the pleadings invokes the judgment of the trial court on questions of law as applied to the well-pleaded and conceded facts. It presupposes a lack of issue of fact. If there is no issue of material fact presented by the pleadings, then it becomes a question of law as to which party is entitled to judgment. But if a material issue of fact is presented and remains undetermined, a judgment on the pleadings is improper. (*Buechner v. Trude*, 175 Kan. 572, 266 P. 2d 267; *Geier v. Eagle-Cherokee Coal Mining Co.*, 181 Kan. 567, 572, 313 P. 2d. 731; and *Dearborn Motors Credit Corporation v. Neel*, 184 Kan. 437, 444, 337 P. 2d 992.)

An appeal may be taken from an order overruling a motion for judgment on the pleadings only where it can be said on the record that the motion concedes the facts well pleaded by the opposing party, and is thus equivalent to a demurrer. But where an issue on *material facts* is joined by the pleadings it is not equivalent to a demurrer and an order overruling the motion is not appealable. (*Sullivan v. Paramount Film Distributing Corp.*, supra, and authorities cited therein.)

The pleadings filed in this case consist of a petition, and answer and a reply. The pleadings disclosed that the election was conducted pursuant to G. S. 1949, 19-1602, which required the vote of three-fifths of the legal electors of Logan County to relocate the county seat and to remove it from Russell Springs to the city of Oakley.

The petition, among other things, alleged specific facts which charged in substance that the action of the board of county commissioners of Logan County, Kansas, was illegal and wholly void because (a) they were not the legally constituted and qualified board of county commissioners; (b) they were without authority to subtract or delete names from the lists of registry which indicated the number of qualified electors of Logan County, Kansas; and

(*c*) they determined from the canvass of the election that the proposition had carried by a majority of sixty percent of the qualified electors.

The petition alleged that the election returns disclosed 1,441 votes had been cast in favor of the proposition and 783 against it. It further alleged the board of canvassers announced there was a total of 2,398 qualified electors in Logan County, Kansas, as of the date of the election. (These figures show that 1,438 votes were required to carry the election.) The substance of the charge is that had there been no change on the registry lists the election would not have carried.

The appellees in their answer "specifically deny that any name was wrongfully withheld from said registry lists, and allege that the said election, the canvass thereof, the determination of the number of legal electors of Logan County, Kansas, on the date thereof, and the resulting proclamation of the results thereof were in all respects regular and in accordance with the law." The appellees also denied various other irregularities concerning the election alleged in the petition.

The admission in the appellees' answer and the concession in the pleadings to which our attention must be focused concerns the notice of the election and the proposition stated on the ballot.

The notice of election recited that a petition had been filed requesting that an election be ordered "for the removal and relocation of the County Seat of said County by removing said County Seat of Logan County from Russell Springs in said county, its present location, to the townsite of Oakley in said county." The proposition was similarly stated throughout the notice.

The ballot simply recited: "Shall the County Seat of Logan County, Kansas, be removed to the City of Oakley, Kansas?"

The appellants contend the motion admits everything the appellees say in their answer to be true and correct, but even so the election is void because the notice of the election which the appellees concede was used, and the ballot which they concede was submitted to the electorate, were defective as a matter of law. If this contention be correct then the issues of facts joined by the pleadings are *immaterial,* and the motion invokes the judgment of the trial court on a question of law.

It must be conceded that a county seat election is a special election. The election law contemplates that when a special proposi-

tion is submitted to a popular vote, the recitals on the ballot shall clearly state the substance of the question the electors are to vote upon; and where that proposition is so obscurely stated that the electors may be misled thereby, the election is vitiated. (*Leavenworth v. Wilson*, 69 Kan. 74, 76 Pac., 400; *Kansas Electric Power Co. v. City of Eureka*, 142 Kan. 117, 45 P. 2d 877; and *Board of Education v. Powers*, 142 Kan. 664, 668, 51 P. 2d 421.)

Relying upon the foregoing proposition the appellants argue the ballot states but half the proposition "in that it did not state the place from which the County Seat was to be removed. Obviously, the proposition might mislead the voter. He could very well assume that he had no choice between Russell Springs and Oakley. Further, he might assume that the County Seat was to be moved irrespective of how he voted and his choice was between Oakley and any one of the towns in the county other than Russell Springs."

The appellants further argue "The ballot says nothing about relocation. The notice states 'from Russell Springs, its present location.' The ballot gives no indication from where it is to be removed and certainly does not mention its present location, Russell Springs. Note must be made that this is a relocation election and not an initial election."

Finally, the appellants argue, "the notice twice states the proposition to be to remove the County Seat to the 'townsite of Oakley in Logan County, Kansas.' The ballot makes no mention of the townsite of Oakley. Rather it recites the *City* of Oakley, Kansas."

Despite the technical definitions asserted by the appellants for the words "townsite" and "city," this variance in terminology is, in our opinion, immaterial. Only by a strained construction of the English language could the voters have been misled by the proposition stated on the ballot. We think the proposition as stated, both in the notice and on the ballot, clearly states the substance of the question on which the electors were called upon to vote.

Under these circumstances the order of the trial court overruling the appellants' motion for judgment on the pleadings cannot be said to be equivalent to a ruling on a demurrer. Material issues of fact are presented by the pleadings and remain undetermined. The order overruling the motion for judgment on the pleadings was not a final order. It did not affect a substantial right in the action, nor in effect determine the action and prevent a judg-

ment.  (*Sullivan v. Paramount Film Distributing Corp.*, supra; and see, *Allman v. Bird*, 189 Kan. 331, 369 P. 2d 387.)  It follows that the order is not appealable.

The appeal is dismissed.