Nos. 43,475, 43,476, 43,477 and 43,478

CHESTER WILLIAMS and JENKINS & WILLIAMS, a Partnership, *Appellants* and *Cross Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF RICE COUNTY, KANSAS, and MARIE ECKER, County Treasurer of Rice County, Kansas, *Appellees* and *Cross Appellants*.

(389 P. 2d 795)

Opinion
filed March 7, 1964.

Ralph B. Foster, of Wichita, argued the cause, and Dale B. Stinson, Jr. and Willis W. Wall, both of Wichita, were with him on the brief for the appellants and cross appellees.

Edward Wahl, of Lyons, argued the cause, and Richard L. Ankerholz and Lewis Carter, both of Lyons, were with him on the brief for the appellees and cross appellants.

The opinion of the court was delivered by

SCHROEDER, J.: These consolidated actions were filed to recover taxes paid under protest as provided in G. S. 1949, 79-2005.

Case Nos. 43,475 and 43,476 cover the first half and the last half, respectively, of the ad valorem taxes paid under protest for the year 1960. Case Nos. 43,477 and 43,478 cover the first half and the last half, respectively, of the ad valorem taxes paid under protest for the year 1961. The properties in question are oil and gas leases owned by the appellants and situated in Rice County, Kansas.

Appeals have been duly perfected from the orders of the trial court upholding the validity of the property assessments.

The Board of County Commissioners of Rice County and Marie Ecker, the County Treasurer of Rice County (appellees) have cross-appealed from orders of the trial court overruling their motions to dismiss the above actions on the ground they were not commenced within thirty days after the filing of the appellants' protest as required by G. S. 1949, 79-2005.

The parties have stipulated that the decision of this court on appeal in Case No. 43,475 will control the decision in each of the other cases, since identical questions are presented in each case.

If the trial court erred in overruling the appellees' motion to dismiss the action in each case, the court does not reach the merits of the appeal itself. We shall, therefore, consider the cross appeal first.

In Case No. 43,475 the appellants paid the first half of the 1960

taxes to the County Treasurer of Rice County under protest on December 20, 1960. (It was stipulated the protest was properly prepared and filed, and that proper notice of protest was given the parties, all as required by 79-2005, *supra.*) Upon request of the appellants the clerk of the district court of Rice County returned to her office about 6:30 p. m. on January 19, 1961, and received the petition of the appellants. It may therefore be said the petition was filed on the 30th day after the payment of taxes under protest. On January 20, 1961, the summons was prepared and the clerk's signature and seal affixed thereto. The summons was delivered to the sheriff of Rice County on January 20, 1961. This was the 31st day after the payment of taxes under protest.

In each of the other actions a similar pattern was followed. The petition was filed after usual business hours with the clerk, either at her office or at her home, on the 30th day after the payment of taxes under protest, and on the following day the summons was prepared and delivered to the sheriff.

Further discussion herein will be confined to Case No. 43,475, and our decision will control disposition of the other consolidated cases.

The appellants call our attention to the fact that the appellees' motion to dismiss was not raised until the day of trial, and that the appellees did not request nor were they granted leave to amend their pleadings. They state the failure to commence the action within thirty days was not affirmatively pleaded by the appellees, and, therefore, was not properly before the court. By reason thereof, it is argued, the motion to dismiss was properly overruled.

The appellants rely on the proposition that unless a petition affirmatively shows on its face the cause of action relied on is barred by the statute of limitations, no demurrer lies and the bar of the statute must be pleaded to be available as a defense. (*Beachy v. Jones,* 108 Kan. 236, 195 Pac. 184; *Klotz v. Board of County Commissioners,* 176 Kan. 325, 270 P. 2d 281; *Russell v. American Rock Crusher Co.,* 181 Kan. 891, 317 P. 2d 847; *Rex v. Warner,* 183 Kan. 763, 332 P. 2d 572; and *Fisher v. Pendleton,* 184 Kan. 322, 336 P. 2d 472, 74 A. L. R. 2d 1274.)

For reasons hereafter stated, we do not think the foregoing cases are applicable to the facts and circumstances presented by the cross appeal.

In an action of this nature any right of the appellants to a refund of taxes paid under protest must be found in the provisions of G. S. 1949, 79-2005. The portion of the statute material herein reads:

". . . (2) Every taxpayer protesting the payment of taxes, within thirty days after filing his protest shall either commence an action for the recovery thereof in some court of competent jurisdiction, or, file an application with the state commission of revenue and taxation for a hearing on the validity of such protest. . . ."

Here we are not concerned with the provision authorizing the taxpayer to file an application with the state commission of revenue and taxation for a hearing on the validity of such protest, because the appellants have not elected to pursue this alternative procedure. The provisions here applicable not only create a right which the taxpayer must exercise within thirty days, but also authorize the taxpayer to bring a suit against the state within the limited time stated.

It has been held the consent of a state to be sued, as expressed by an act of the legislature, should be strictly construed so as not to enlarge by judicial interpretation the privilege granted. (*American Mut. Liability Ins. Co. v. State Highway Comm.*, 146 Kan. 239, 244, 69 P. 2d 1091; and *Phillips v. State Highway Comm.*, 148 Kan. 702, 705, 84 P. 2d 927.)

Another rule of law applicable to the statute presently under consideration is that tax statutes will not be exended by implication beyond the clear import of the language used, and their operation will not be enlarged so as to include matters not specifically embraced. (*Equitable Life Assurance Society v. Hobbs*, 154 Kan. 1, 13, 114 P. 2d 871.)

The limitation period for cases filed under 79-2005, *supra*, which is a tax statute, is not strictly the same as the statute of limitations which applies to other cases. Under the tax statute, strictly construed, the action must be commenced "within thirty days" or the right dissipates. There can be no tolling of the limitation period in 79-2005, *supra*. To permit a taxpayer to commence an action to recover taxes paid under protest thirty-one days or more after filing his protest would grant the taxpayer a right not given by 79-2005, *supra*.

Procedurally, the question of a trial court's jurisdiction to hear an action is properly raised by a motion to dismiss. (*Elam v. Bruenger*, 165 Kan. 31, 193 P. 2d 225; and *Schafer v. Kansas Soya Products Co.*, 187 Kan. 590, 594, 358 P. 2d 737.)

By their motion to dismiss the appellees have raised a question which they contend is jurisdictional, asserting that the appellants' action was not commenced within the time required by the statute, and by reason thereof the trial court did not have jurisdiction of the subject matter.

Was the action commenced within thirty days after the filing of the appellants' protest?

G. S. 1949, 60-301 provides: "A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

G. S. 1949, 60-308 provides in part: "An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, . . ."

While language in some of the cases may be confusing as to when an action is deemed to have been commenced, we think construction of the foregoing statutes has been clearly stated in several cases. In *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 42 Kan. 223, 21 Pac. 1071, the following language was used:

". . . Although actual jurisdiction of a defendant cannot be obtained without service of summons or original process upon him, nor until the service is actually made, yet when the service is actually made the case must then be considered as having been commenced at the date of the process served upon the defendant; [citations] and, by relation, the date of such process will determine the time from which the right of the court to take jurisdiction to hear and determine the case, must be computed. . . ." (p. 227.)

This language was quoted in *Vann v. Railway Co.*, 110 Kan. 799, 205, Pac. 607, and in *Goertz v. Goertz*, 190 Kan. 75, 80, 372 P. 2d 268.

A recent decision of this court is *Redfearn v. Bronson Mutual Telephone Co.*, 189 Kan. 105, 367 P. 2d 76, where the court said:

"Thus we come to the all-decisive question involved, mindful as we do so that in this case the record makes it appear, in fact the parties concede, that on the day the district court made its order appointing a receiver *no summons had been caused to be issued on the petition*. Under these circumstances can it be said or successfully argued the order appointing the receiver was made at or after the commencement of the action? We are convinced a negative answer to this question is required by the clear and unequivocal provisions of G. S. 1949, 60-301, which we pause here to emphasize is also a part of our code of civil procedure. It reads: "'A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.' and by the numerous decisions of this court—listed in the Annotations immediately following 60-301, *supra*, as it appears in the statutes—holding that *an action is commenced when a petition is filed and a summons is issued thereon.*" (pp. 106, 107.) (Emphasis added.)

On the facts presently confronting the court the petition of the appellants was filed on the 30th day and the summons was issued on the 31st day after the payment of taxes under protest. Applying

the substance of what has been said in the construction of 60-301 and 60-308, *supra*, the action was not commenced until the 31st day. Here it is conceded the summons was properly served upon the appellees within the requisite time. The action is therefore deemed to have been commenced on the date the summons was issued— January 20, 1961, the 31st day after the payment of taxes and the filing of the taxpayers' protest.

Since the instant action was not commenced until the 31st day after the payment of taxes under protest, we hold the trial court did not acquire jurisdiction. The provisions of 79-2005, *supra*, gave the appellants a right to commence an action against the state within thirty days after filing their protest. The right of the appellants to commence an action within thirty days expired prior to the appellants' exercise of such right, and by reason thereof the trial court did not have jurisdiction of the subject matter.

Jurisdiction of the subject matter is a question which can be raised at any stage of the proceedings. Furthermore, it is the duty of a court to raise such jurisdictional question if the parties fail to do so. (*Vrooman Co. v. Summer,* 110 Kan. 662, 205 Pac. 609; *Kelly v. Grimshaw,* 161 Kan. 253, 167 P. 2d 627; *In re Estate of Dix,* 161 Kan. 364, 168 P. 2d 537; *Klepikow v. Wilson,* 189 Kan. 66, 366 P. 2d 800; and *Wycoff v. Board of County Commissioners,* 189 Kan. 557, 370 P. 2d 138.)

It follows that the trial court erred in not sustaining the motion of the appellees to dismiss the action.

As to the cross appeal the judgment of the lower court is reversed with directions to dismiss the action.

FONTRON, J., not participating.