No. 44,458

FLORENCIO LIRA, *Appellant,* v. L. A. BILLINGS, Superintendent, Motor Vehicle Department, Kansas State Highway Commission, *Appellee.*

(414 P. 2d 13)

Opinion filed May 7, 1966.

*William R. Stewart,* of Topeka, argued the cause, and *John C. Humpage,* of Topeka, was with him on the brief for the appellant.

*William L. Stevenson,* chief counsel for the motor vehicle department, argued the cause, and *Robert C. Londerholm,* attorney general, and *Ralph G. Ball,* of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This appeal concerns constitutionality of K. S. A. 8-259 (*a*) as it pertains to a hearing in district court based on an appeal from an order by the vehicle department of the state highway commission revoking a driver's license for refusal to submit to

a chemical test to determine blood alcohol content pursuant to K. S. A. 8-1001.

The facts are not in dispute. Plaintiff, referred to hereinafter as the appellant, was arrested in Shawnee county, Kansas, upon a charge of driving a motor vehicle while under the influence of intoxicating liquor and was requested by the arresting officer to submit to a chemical test to determine the alcoholic content of his blood. He refused the test. The arresting officer made a sworn report of the refusal to the motor vehicle department which first suspended and later, after a hearing, revoked appellant's driver's license. Appellant then filed his petition in the district court of Shawnee county, Kansas, against the appellee as the superintendent of the motor vehicle department of the state highway commission seeking a *de novo* jury trial of the matter of the revocation pursuant to the terms of K. S. A. 8-259 (*a*). Appellee first filed an answer to this petition, denying certain allegations thereof, and he later filed a motion to dismiss the action upon the ground that K. S. A. 8-259 (*a*) purports to impose nonjudicial functions upon a court and is thereby violative of the separation of powers' doctrine of the Kansas constitution.

In a pretrial order the trial court upheld this contention as to unconstitutionality but ruled that it would entertain the proceeding under the provisions of the general appeal statute, K. S. A. 60-2101, and determine as a question of law, without a jury, whether the action of the vehicle department in suspending and revoking appellant's license was arbitrary, capricious, unreasonable or otherwise unlawful. Appellant brings the constitutional question here for review.

K. S. A. 8-259 (*a*), with which we are primarily concerned, was enacted in 1937 and provides:

"Any person denied a license or whose license has been canceled, suspended, or revoked by the department except where such revocation is mandatory under the provision of section 8-254 of the General Statutes Supplement of 1961 or any amendments thereto shall have the right to file a petition within sixty (60) days thereafter for a hearing in the matter in the district court in the county wherein such person shall reside, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days' written notice to the department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this act: *Provided,* Such petitioner shall file in such court a bond in the amount of one hundred dollars

($100) conditioned that he will without unnecessary delay appear in such court at the time set by the court for hearing said matter and pay all costs in the event the court determines that said petitioner's license is subject to suspension, cancellation or revocation: *Provided further,* The trial on appeal as herein provided for shall be a trial *de novo* and the licensee shall have the right of trial by jury upon demand therefor: *Provided further,* The court having jurisdiction of said appeal, on proper application being made, may order a stay of any suspension or revocation pending final judgment, and if the license has been surrendered by the licensee said order shall direct the department to return such license to the licensee, and until such license is so returned such stay order shall be deemed equivalent to the operator's or chauffeur's license so surrendered."

A second statute we should notice is K. S. A. 8-1001, which, together with others implementing it, was enacted in 1955, and provides as follows:

"Any person who operates a motor vehicle upon a public highway in this state shall be deemed to have given his consent to submit to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood whenever he shall be arrested or otherwise taken into custody for any offense involving operating a motor vehicle under the influence of intoxicating liquor in violation of a state statute or a city ordinance and the arresting officer has reasonable grounds to believe that prior to his arrest the person was driving under the influence of intoxicating liquor. The test shall be administered at the direction of the arresting officer. If the person so arrested refuses a request to submit to the test, it shall not be given and the arresting officer shall make to the vehicle department of the state highway commission a sworn report of the refusal, stating that prior to the arrest he had reasonable grounds to believe that the person was driving under the influence of intoxicating liquor. Upon receipt of the report, the vehicle department of the state highway commission shall suspend for a period not exceeding ninety (90) days the person's license or permit to drive or nonresident operating privilege and, after granting the person an opportunity to be heard on the issue of the reasonableness of his failure to submit to the test, the vehicle department of the state highway commission may revoke the person's license or permit to drive or nonresident operating privilege."

The validity of this statute was upheld in *Lee v. State,* 187 Kan. 566, 358 P. 2d 765. Appellant first asserts that the vehicle department, being an agency of the state, had no standing to challenge constitutionality of legislative enactments, and he cites authority in support of that general proposition. We need not go into the matter because, irrespective of this, we think the constitutional question is properly in the case before us and must be decided upon its merits. The trial court had a duty to examine into the question of its jurisdiction as to subject matter. In *Kelly v. Grimshaw,* 161 Kan. 253, 167 P. 2d 627, it is said:

"One of the first and continuing duties of a court is to determine whether the court has jurisdiction of the subject matter of the action." (Syl. ¶ 2.)

And it is the duty of a court to raise and determine such jurisdictional question even if the parties fail to do so (see *Williams v. Board of County Commissioners*, 192 Kan. 548, 553, 389 P. 2d 795). No matter how initially raised, the constitutional question is brought into focus by the action of the trial court itself in determining the scope of its review in this type of case. The legislative enactment in question did purport to prescribe the duties of the trial court to the extent of affecting the subject matter of the action, and that court thus became directly concerned with the propriety of such legislation and any infirmity therein, including constitutionality, and could rule thereon.

We therefore turn to the principal issue, constitutionality of K. S. A. 8-259 (*a*) as applied to the instant situation. The trial court ruled that the statute imposed administrative (licensing) duties upon the district court in violation of the separation of powers' doctrine of the Kansas constitution.

Although we have no express provisions in our constitution concerning separation of powers, this court long ago recognized such doctrine to be inherent therein to the effect that the constitution created three branches of government, namely, executive, legislative and judicial, which are to be maintained distinctly separate in the exercise of their respective powers, and that none may lawfully exercise functions belonging to the others. For an excellent discussion of this doctrine and its application up to that time, see *State v. Johnson*, 61 Kan. 803, 60 Pac. 1068. Later expressions on the subject may be found in *State, ex rel., v. Fadely*, 180 Kan. 652, 308 P. 2d 537, and *State, ex rel., v. State Office Building Commission*, 185 Kan. 563, 345 P. 2d 674.

Preliminary to our problem we will not go into the familiar aphorisms as to rules of statutory construction applicable to determining constitutionality other than to quote what was recently said with respect to the particular doctrine involved herein in *State v. Latham & York*, 190 Kan. 411, 375 P. 2d 788, as follows:

". . . it is a well-settled concept of constitutional law that in distributing the power of government, the constitution of Kansas creates three distinct and separate departments; the legislative, the executive, and the judicial. Their separation is not merely a matter of convenience or of governmental mechanism. Its object is basic and vital, namely, to preclude a commingling of these essentially different powers of government in the same hands. The

doctrine of separation of powers of government is to enable the government to control the governed; and also to oblige it to control itself. The latter is as important as the former and more difficult. Its object is the protection of the liberties of the people from the accumulation of too much power in the hands of any person or factions and is essential to the survival of our government. Hence, it is imperative that each department should be kept completely independent of the other—independent not in the sense that they shall not co-operate to the common end of carrying into effect the purposes of our constitution, but in the sense that the acts of each shall never be controlled by, or subjected, directly or indirectly, to the coercive influence of either of the other departments. . . ." (p. 422.)

It is clear the problem here is to determine just what function is placed upon the district court in this type of hearing. Is it legislative? If so, the statute must be held bad. If it is judicial or quasi-judicial, then the constitution presents no limitation for it provides the legislature can confer upon the district court whatever jurisdiction it may choose (Constitution, Article 3, Section 6).

We state at the outset, and for reasons which should become apparent, that we limit this determination to appeals from suspension and revocation orders based on refusal to submit to chemical tests for blood alcohol content pursuant to K. S. A. 8-1001. The statute calls for a trial *de novo* with a further provision that the licensee has the right of trial by jury upon demand therefor. This statute has been interpreted by this court as meaning that the only issue before a district court on such an appeal is the reasonableness of the failure of the petitioner to submit to the chemical test (*Marbut v. Motor Vehicle Department*, 194 Kan. 620, 400 P. 2d 982).

Thus there is a standard or guideline plainly present in the statute—*reasonableness* of the failure to submit to the chemical test—which must be kept in mind. We recognize that the discretion of a court is not to be substituted for the discretion of an administrative agency, and further, that the business of licensing is generally to be regarded as an administrative function (see *State, ex rel., v. Mohler*, 98 Kan. 465, 158 Pac. 408), and we are not disposed to commit courts to the business of licensing. But here the discretion of those charged with administering the law in the first place is circumscribed by the statutory criterion that the failure to submit to the chemical test must be unreasonable before suspension or revocation is to be applied. Courts and juries deal constantly, in many ways, and have traditionally, with determining in retrospect whether the criterion of reasonableness has been met under the particular circumstances. The term *reasonableness* is

one with a meaning well developed and familiar to courts, and courts and juries cannot be said to be lacking in qualification or expertise to make such determination as is here involved. Such determination does not involve the formulation of policy normally associated with the legislature. The legislative power was exercised when the legislature provided for a review in the district court, the particular scope of the review being within legislative competence so long as it is judicial in nature. The review provided is one appropriate for judicial determination. The statute does no more than empower the court, and the jury when called into play, upon consideration of the evidence, to determine the question of reasonableness of the refusal. The statute further prescribes that testimony be taken and an examination made into the facts. This necessarily calls for a weighing of the evidence pro and con where controversy exists and a determination based on a preponderance thereof. Weighing evidence and determining questions of reasonableness have always been regarded as judicial functions. Everything considered, we believe and hold that the review provided is sufficiently judicial in character, and that the court and jury are not called upon to exercise legislative power in violation of the separation of powers' doctrine, under the specific facts presented in this case (see 2 Am. Jur. 2d, Administrative Law, § 581; 16 Am. Jur. 2d, Constitutional Law, § 222).

We further hold that K. S. A. 8-259 (a) requires a trial *de novo* of the particular question at issue, governed by the rules applicable to civil proceedings in district court, with the burden of proof on petitioner as the one seeking affirmative relief, and further, the exercise by the court of an independent judgment, with right of trial by jury under appropriate instructions if demanded by petitioner.

The order of the trial court is reversed with directions to proceed in accord with the views herein expressed.

APPROVED BY THE COURT.

SCHROEDER, J., dissents from syllabus 2 and the corresponding portion of the opinion.

FROMME, J., not participating.