(851 P.2d 1385)

No. 68,476

TIMOTHY A. ZURAWSKI, *Appellee,* v. KANSAS DEPARTMENT OF REVENUE, *Appellant.*

Opinion filed May 14, 1993.

*Brian Cox,* of Kansas Department of Revenue, of Topeka, for the appellant.

*William K. Rork,* of Topeka, and *Sean D. Ervin,* of Lawrence, for the appellee.

Before BRISCOE, C.J., LEWIS and ROYSE, JJ.

BRISCOE, C.J.: The Kansas Department of Revenue appeals the decision of the district court reversing the suspension of Timothy Zurawski's driver's license.

Zurawski was stopped for driving while under the influence. He tried several times to complete a breath test at the scene, but did not blow hard enough for an adequate test sample. After he was taken to the police station, he again failed to provide an adequate breath sample. Zurawski was told that his behavior constituted a test refusal. Zurawski claims he told the officer before he was taken to the station that he had asthma and needed a doctor and his medication. The officer testified Zurawski first made reference to having asthma after he was told his failure to give a breath sample constituted a test refusal.

Zurawski's license was suspended for refusing to blow into the machine and failing to complete testing. An administrative hearing officer found Zurawski refused to submit to testing pursuant to K.S.A. 8-1001 and K.S.A. 8-1002, and upheld the suspension. The district court reversed the suspension, finding Zurawski was prevented from performing the breath test because of a medical condition unrelated to the ingestion of alcohol or other chemicals. As regards its conclusion pertaining to Zurawski's medical condition, the court relied upon two letters from a doctor which were admitted into evidence at the district court level over the Department's objection. The court stated:

"At the administrative hearing there [were] admitted two letters from Dr. Glen O. Bair of Topeka indicating that the plaintiff's asthmatic and pulmonary condition did interfere with his ability to provide an adequate sample and that a medical reason existed for his poor performance on the test. That evidence is a part of the record as being admitted in the administrative hearing and accordingly the Court has considered it. The Department having provided no contrary evidence, the Court is satisfied that this action must be reversed and the Court specifically finds, based upon the medical evidence mentioned, that the plaintiff's inability to perform on the test was the result of a medical condition unrelated to the ingestion of alcohol or other chemicals."

The Department filed a motion to reconsider, alleging the letters relied upon by the district court were inadmissible hearsay and lacked foundation. The court denied the motion after concluding the administrative hearing officer had not ruled the letters were inadmissible and, therefore, the court must conclude they were considered.

The Department first contends it is unclear what standard of review is applicable at the district court level. The Department

then identifies a potential conflict between K.S.A. 8-259(a) and K.S.A. 77-621(c) as regards the district court's standard of review. The Department argues the de novo standard in 8-259(a) conflicts with the substantial competent evidence standard in 77-621(c)(7).

K.S.A. 77-621(c) is applicable "[e]xcept to the extent that this act or another statute provides otherwise." K.S.A. 77-621(a). As a general rule, judicial review of disputed issues of fact is confined to the agency record for judicial review as supplemented by additional evidence taken pursuant to the act. K.S.A. 1992 Supp. 77-618. One of the listed exceptions to this general rule is review of driver's license suspensions. Orders of the division of vehicles which suspend a driver's license are to be reviewed by the district court in accordance with 8-259(a). K.S.A. 1992 Supp. 77-618(c). K.S.A. 8-259(a) provides: "The court shall take testimony, examine the facts of the case and determine whether the petitioner is entitled to driving privileges or whether the petitioner's driving privileges are subject to suspension, cancellation or revocation under the provisions of this act." Therefore, the district court's standard of review in driver's license suspension cases is governed by 8-259(a), which provides for de novo review.

Even though 8-259(a) provides for de novo review, different degrees of de novo review exist. This concept was discussed in *Angle v. Kansas Dept. of Revenue,* 12 Kan. App. 2d 756, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988), an appeal from an order upholding suspension of Angle's driver's license for refusing to submit to a breath alcohol test. This court first determined the Act for Judicial Review and Civil Enforcement of Agency Actions should be applied retrospectively to the case and that the Act provided for de novo review by the district court pursuant to 8-259(a). We then noted the nature of the agency function will determine the district court's scope of review. When the subject of review is a purely administrative function, the district court is restricted to a more limited form of review, even if the statute provides for de novo review. When the subject of de novo review is a judicial function of the agency, the district court may make independent findings of fact and law. *Angle,* 12 Kan. App. 2d at 763. This court then held that "the agency is performing a judicial function in driver's license suspension cases." 12 Kan. App. 2d

at 763. See *Podrebarac v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 383, 384, 807 P.2d 1327 (1991).

Although the Department argues this court's decisions in *Angle* and *Buchanan v. Kansas Dept. of Revenue*, 14 Kan. App. 2d 169, 788 P.2d 285 (1989), are contradictory concerning the review applicable at the district court level, both decisions recognize 77-621 generally applies to the district court's review of the Department's administrative decisions. In *Angle*, which specifically addressed the issue concerning the appropriate standard of review for the district court in driver's license suspension cases, the analysis concluded 8-259(a) governed.

As regards this court's standard of review, this court applies a substantial competent evidence standard when reviewing a district court's ruling in a driver's license suspension case. K.S.A. 77-623 provides: "Decisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases."

The Department next contends the district court erred in admitting letters from Zurawski's doctor, arguing the letters were hearsay and lacked proper foundation. Before addressing this issue, we must first determine whether the issue was preserved for appeal because it was not raised by the Department at the administrative hearing.

In *Angle*, the Department argued the district court erred in admitting evidence on an issue which the driver had not raised at the administrative hearing. This court concluded "that plaintiff should be restricted to those issues raised at the administrative hearing." 12 Kan. App. 2d at 764. We reached this conclusion because "statutes purporting to grant de novo review should be strictly construed" and, "even though this is a de novo review, the proceeding is still predominantly appellate in nature." 12 Kan. App. 2d at 764. "If plaintiff may raise a completely new issue and produce evidence before the court not produced below, effectively the agency action is ignored and the proceeding is not truly appellate." 12 Kan. App. 2d at 764. We concluded the district court incorrectly considered whether certain tests were properly administered when that issue was not raised at the administrative hearing.

It logically follows that any objection to evidence submitted at the administrative hearing must be made at the time of its submission, and the district court, in its consideration of issues raised below, will consider the objection and admissibility of that evidence in its de novo review. As applied to the present case, if the Department were allowed to first question the admissibility of the medical letters at the district court level without preserving that issue at the administrative hearing by an objection, it would change the nature of the district court proceedings, which are predominantly appellate in nature.

This conclusion is supported by Ryan, Kansas Administrative Law with Federal References § 14.05 (3d ed. 1991): "An objection to evidence must usually be made at the time of the hearing." "Failure to make the appropriate evidence objection constitutes waiver of defect, and the error may not be challenged on judicial review." Ryan, § 14.06.

The Department argues the holding in *Angle* does not apply here because, by its own facts, *Angle* only prevents the party who petitioned for judicial review from raising issues not raised at the administrative hearing. In *Angle,* the petitioner was the party who raised an issue before the district court that was not raised at the administrative hearing. In deciding the case, however, this court did not limit its holding to the party petitioning for judicial review.

In addition, *Meigs v. Kansas Dept. of Revenue,* 16 Kan. App. 2d 537, 825 P.2d 1175, *aff'd* 251 Kan. 677, 840 P.2d 448 (1992), directly refutes the Department's argument. In *Meigs,* an appeal from the district court's order to set aside the suspension of Meigs' driver's license, the Department attempted to raise an issue not raised at the administrative hearing. Relying on *Angle,* we refused to consider the issue. The *Meigs* holding establishes that all parties to an administrative hearing are bound by the rule that, unless an issue is first raised at the administrative hearing, it may not be raised during the district court's de novo review conducted pursuant to 8-259(a). 16 Kan. App. 2d at 544-45.

The Department also argues it had no duty to object to the admissibility of the medical letters at the administrative hearing because the hearing was nonadversarial in nature. Agency actions resulting in driver's license suspensions are judicial in nature.

*Podrebarac,* 15 Kan. App. 2d at 384. With limited exceptions such as adoption and parental notice proceedings, most judicial proceedings are adversarial by their very nature.

Before the Department can raise an issue before the district court, it must first raise that issue at the administrative hearing. An objection to evidence considered by the hearing officer raises an issue concerning the admissibility of the evidence. In the present case, the only record of the administrative hearing is the hearing officer's notes, which do not indicate any objection by the Department to the letters. An appellant bears the burden of providing a sufficient record on appeal to establish a claimed error. *First Nat'l Bank & Trust Co. v. Lygrisse,* 231 Kan. 595, 602, 647 P.2d 1268 (1982). The Department has failed to provide a record indicating its objection to the admissibility of the letters at the administrative hearing. Therefore, the Department could not object to consideration of the letters by the district court. The admissibility of the medical letters was not preserved as an issue for the district court's de novo review.

The Department argues it should not be required to raise issues at the administrative hearing level in order to preserve them for district court review. The Department points out that, due to the very limited size of its legal staff and the vast number of administrative hearings held annually, no attorney appears on behalf of the Department at these hearings. While we acknowledge the Department's staffing constraints, we are required to consistently apply the law to all parties.

The Department also contends the court's conclusion that no evidence was presented that was contrary to the letters was incorrect because Officer Scott testified as to Zurawski's physical condition. The letters detailed Zurawski's history of asthma and his current treatment. The doctor concluded that Zurawski suffered "a lifelong problem associated with both pulmonary function, asthma, and pulmonary insufficiency and this physical inability is caused by medical conditions that are totally unrelated to ingested alcohol or drugs." Officer Scott testified that Zurawski's breathing appeared normal during the testing period, but admitted he lacked training in asthma or respiratory problems.

The court was correct in finding the Department failed to present evidence contradicting the doctor's letters.

Affirmed.