(953 P.2d 1053)

No. 77,574

THAD U. ZORN, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

—

Opinion filed January 30, 1998.

*Michael P. Whalen*, of Patton, Davis and Putnam, of Emporia, for appellant.

*James G. Keller*, of Kansas Department of Revenue, for appellee.

Before LEWIS, P.J., ROYSE and KNUDSON, JJ.

ROYSE, J.: Thad U. Zorn appeals from the district court's order upholding suspension of his driver's license.

The parties have stipulated to the underlying facts: Zorn was arrested in Emporia, Kansas, on April 30, 1995, and charged with following too closely and driving while under the influence of intoxicating liquor or drugs. Sergeant Mark Locke administered a breath alcohol test which showed that Zorn had a breath alcohol concentration of .15. Zorn subsequently requested an administrative hearing pursuant to K.S.A. 1996 Supp. 8-1002.

The administrative hearing was conducted on August 1, 1995. The arresting officer and Sergeant Locke both testified at the hearing. At the hearing, Zorn objected that there was no proof that the officer or the testing machine were certified as of April 30, 1995. Because the hearing officer had brought the wrong file to the hearing, she did not have with her the affidavit prepared by the Kansas Department of Health and Environment (KDHE) showing certification of the officer and the testing device.

At the close of the evidence, Zorn requested a dismissal of the suspension order because there was no evidence admitted to show that the machine and the officer were certified when his breath

test was administered. The hearing officer stated she would take the case under advisement. She further stated that she would check her file when she returned to Topeka and, if the file contained the KDHE affidavit of certifications, she would suspend Zorn's driving privileges. On August 2, 1995, she issued an order suspending Zorn's driving privileges.

Zorn sought judicial review of the suspension order. The district court affirmed the suspension, after reviewing the parties' Agreed Statement of Facts. The KDHE affidavit certifying the officer and the testing equipment as of April 30, 1995, was attached as an exhibit to the parties' Agreed Statement of Facts.

On appeal, Zorn argues that the hearing officer exceeded the scope of her authority by taking the case under advisement and by considering the KDHE affidavit which had not been admitted during the hearing. Zorn further argues that the district court erred by ignoring the error committed by the hearing officer and by considering the KDHE affidavit. Because we consider the second issue to be dispositive of this appeal, we will address it first.

The Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*, applies when a licensee seeks review of the administrative order suspending his license by filing a petition for review. *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, Syl. ¶ 1, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988). K.S.A. 1996 Supp. 77-618 provides that judicial review of an agency action shall generally be confined to the agency record. There is an exception to this general rule, however, for review of driver's license suspensions.

"Judicial review of disputed issues of fact shall be confined to the agency record for judicial review as supplemented by additional evidence taken pursuant to this act, except that review of:

. . . .

(c) orders of the division of vehicles, other than orders under K.S.A. 8-254 and amendments thereto, which deny, cancel, suspend or revoke a driver's license shall be in accordance with K.S.A. 8-259 and amendments thereto." K.S.A. 1996 Supp. 77-618.

K.S.A. 1996 Supp. 8-259(a), moreover, provides:

"The action for review shall be by trial *de novo* to the court. The court shall take testimony, examine the facts of the case and determine whether the petitioner is entitled to driving privileges or whether the petitioner's driving privileges are subject to suspension, cancellation or revocation under the provisions of this act."

These statutes are clear and unequivocal. They clearly provide that judicial review of an order suspending a driver's license is not confined to the agency record.

This conclusion is further supported by the statutory provisions regarding the affidavit from KDHE. K.S.A. 1996 Supp. 8-1002(i) provides:

"At a hearing pursuant to this section, *or upon court review of an order entered at such a hearing,* an affidavit of the custodian of records at the Kansas department of health and environment stating that the breath testing device was certified and the operator of such device was certified on the date of the test *shall be admissible into evidence* in the same manner and with the same force and effect as if the certifying officer or employee of the Kansas department of health and environment had testified in person. Such affidavit shall be admitted to prove such reliability without further foundation requirement." (Emphasis added.)

Zorn relies on *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, Syl. ¶ 4, 851 P.2d 1385, *rev. denied* 253 Kan. 864 (1993), which held that the district court's de novo review in a driver's license suspension case is limited to those issues raised at the administrative hearing. In particular, *Zurawski* held that any objection to evidence submitted at the administrative hearing must be raised during the administrative hearing. While *Zurawski* held that new issues may not be raised during district court review of a driver's license suspension, that decision did not purport to construe 77-618 or 8-259.

Zorn contends the district court violated the principles set forth in *Zurawski* by considering the KDHE affidavit as substantive evidence and by failing to address whether the hearing officer erred by considering the affidavit when it was not available at the administrative hearing. One problem with this contention is that there is nothing in the record to indicate that the parties submitted the KDHE affidavit to the district court only for limited purposes. The parties' Agreed Statement of Facts simply refers to the attached KDHE affidavit of certifications. Second, as the district

court noted, Zorn has never raised any substantive objection to the affidavit. Third, it is clear that certification was an issue in the administrative hearing. The district court, therefore, acted consistent with the rule of *Zurawski* in making a de novo review of the certification issue. Finally, Zorn's contention overlooks the statutory provisions discussed above, which make clear that the district court is not limited to the evidentiary record created during the administrative hearing.

Zorn's implication that the district court must conduct a de novo review of the license suspension order on the basis of the administrative hearing record is not only inconsistent with the statutory provisions, but it is also impractical. The "record" from such administrative hearings is sketchy at best, consisting of whatever notes the hearing officer took during the hearing. See *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 828, 888 P.2d 832 (1995). The hearing officer maintains no audio recording of the evidence presented, and there is no transcript of the hearing. The legislature has elected not to require the Department of Revenue to maintain an official record such as is provided for in K.S.A. 77-532. In light of these practical concerns, it is not surprising that driver's license suspension cases often refer to the fact that the district court, rather than relying on some agency record, heard testimony and/or took additional evidence. See, *e.g.*, *Vandever v. Kansas Dept. of Revenue*, 243 Kan. 693, 694, 763 P.2d 317 (1988); *Lira v. Billings*, 196 Kan. 726, 731, 414 P.2d 13 (1966); *Zurawski*, 18 Kan. App. 2d at 326, 330; *Angle*, 12 Kan. App. 2d at 758.

For all these reasons, we conclude that the district court did nor err in considering the KDHE affidavit, even though that affidavit was not admitted during the administrative hearing. In light of this conclusion, we need not examine Zorn's claim that the administrative hearing officer exceeded the scope of her authority by considering an affidavit which was not admitted during the administrative hearing.

Affirmed.