NOT DESIGNATED FOR PUBLICATION

No. 114,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALTON GONZALES,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed December 23, 2016. Affirmed.

*John D. Shultz*, deputy general counsel, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*John M. Lindner*, of Lindner, Marquez & Koksal, of Garden City, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

BUSER, J.:  This an appeal by the Kansas Department of Revenue (KDR) of the district court's order setting aside the suspension of Dalton Gonzales' driver's license and reinstating his driving privileges. The KDR administratively suspended Gonzales' license because he refused to submit to an evidentiary breath test for alcohol. The KDR contends the district court erred, as a matter of law, when it declined to consider whether the certifying officer was required to request an evidentiary breath test because reasonable grounds existed to believe that Gonzales was under the age of 21 and operating a vehicle with alcohol or other drugs in his system. See K.S.A. 2015 Supp. 8-1567a. The KDR

1

does not challenge the district court's determination that the certifying officer lacked probable cause to arrest Gonzales for driving under the influence (DUI) and, therefore, did not have reasonable grounds to request an evidentiary breath test. See K.S.A. 2015 Supp. 8-1567. Due to the KDR's failure to raise the issue of Gonzales' violation of K.S.A. 2015 Supp. 8-1567a at the administrative hearing, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

As a result of a vehicle stop and DUI investigation, Trooper Brodi Gosch of the Kansas Highway Patrol filed an Officer's Certification and Notice of Suspension (DC-27 form) because Gonzales refused to submit to an evidentiary breath test for alcohol. As shown on the DC-27 form, Trooper Gosch marked the box which indicated that he requested Gonzales complete the testing because the trooper had "reasonable grounds . . . to believe that [Gonzales] . . . had been operating a vehicle while under the influence of alcohol and/or drugs in violation of state statute, city ordinance or county resolution."

Although K.S.A. 2015 Supp. 8-1001(b) also allows a law enforcement officer to request an evidentiary breath test if the person has been arrested or otherwise taken into custody for "any violation of any statute, county resolution or city ordinance" and the officer has reasonable grounds to believe *the person was "under the age of 21 years* and was operating or attempting to operate a vehicle while having alcohol or other drugs in such person's system," Trooper Gosch did not mark the box on the DC-27 form which indicates this particular aspect of K.S.A. 2015 Supp. 8-1001(b) was applicable to his request for testing. (Emphasis added.) Similarly, Trooper Gosch also did not mark the box on the DC-27 form which indicates that he justified his request for an evidentiary breath test based on any fact that Gonzales had driven a commercial vehicle while having alcohol or drugs in his system.

2

On May 30, 2014, at Gonzales' request, the KDR held an administrative hearing regarding his driver's license suspension. As is typical in these proceedings, there was no recorded testimony or transcript to memorialize what transpired. The only record of this proceeding is found in the administrative hearing officer's notes which were handwritten on a preprinted form and the administrative hearing order prepared by the administrative hearing officer on July 18, 2014, which also consisted of notations handwritten on a preprinted form.

The administrative hearing notes form consisted of one page with several headings and preprinted statements reflecting statutory language next to blank lines for the administrative hearing officer to make notations about the relevant finding. Under paragraph one's preprinted statement: "Law enforcement officer(s) had reasonable grounds to believe that the respondent was operating or attempting to operate a motor vehicle while under the influence of alcohol, drugs or both," the administrative hearing officer handwrote the following: "para # 8 [indicating whether service of the DC-27 form was made in person or by mail] not checked, FTMSL [failure to maintain a single lane], Martin obj, eyes, odor, speech, FSTS [field sobriety tests]—W & T [walk-and-turn test]—3 pt, OLS [one-leg-stand test]—0 pt, A & T, intox [intoxilyzer] refused, I.C. [implied consent notices] read & served." These notes relating to paragraph 1 comprised the only handwriting on the administrative hearing notes form.

Paragraph three of the administrative hearing notes form also contained a preprinted statement that if the driver was under 21 years of age, the law enforcement officer presented the driver with oral and written notices as required by K.S.A. 8-1567a(b). There was no handwriting on the blank line beside this statement. Moreover, the administrative hearing notes form also contained a section entitled "RESPONDENT UNDER 21 YEARS OF AGE (8-1567A)." Beneath this section was paragraph 10 which had the preprinted statement: "Respondent was less than 21 years of age at the time of

3

the test request." Once again, the hearing officer did not make any handwritten notes on the blank lines beside this section.

After the presentation of evidence, the hearing officer affirmed the KDR's suspension of Gonzales' driver's license by issuing an administrative hearing order. This form order consisted of one page with separate findings and printed statements advising the licensee of how the hearing officer's order will affect their driving privileges. On the form, the hearing officer wrote that John Lindner represented the respondent and Trooper Gosch appeared as a witness.

The hearing officer placed an "X" next to the preprinted statement indicating that KDR's suspension order was "[a]ffirmed . . . based upon the following findings." Relevant to this appeal, the hearing officer's order did not identify which one or more of the three separate findings were actually applicable to Gonzales' case. The three findings were:

> "Law enforcement officers(s) had reasonable grounds to believe that [Gonzales] was operating or attempting to operate a vehicle while under the influence of alcohol, drugs, or both; or to believe [Gonzales] was driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system; or to believe [Gonzales] was under the age of 21 years and was operating or attempting to operate a vehicle while having alcohol or other drugs in such person's system."

In the "Comments" section immediately following these findings, the hearing officer handwrote: "Defective [DC-]27 service & Martin Obj.—overruled—per video— W & T [walk and turn]—2 pt—failed." Of note, the comments did not reference any evidence that Gonzales was under 21 years of age or that he was driving a commercial vehicle at the time of the vehicle stop.

4

On July 31, 2014, Gonzales filed a petition for judicial review in the district court. In addition to alleging several other grounds for relief, Gonzales asserted his suspension should be overturned because Trooper Gosch

"did not have the required reasonable grounds to believe that [Gonzales] was operating or attempting to operate a motor vehicle while under the influence, [and] he did not have the necessary probable cause to place [Gonzales] under arrest and the request for evidential chemical testing in this case was, therefore, not preceded by a lawful arrest as required by statute and case law in the state of Kansas."

The KDR filed an answer denying all of Gonzales' claims.

Prior to trial, the parties filed a pretrial order. Of note, the pretrial order did not list any contention by the KDR that Gonzales' license suspension was justified because he was under 21 years of age and there were reasonable grounds to believe that Gonzales was operating a vehicle with alcohol or other drugs in his system. See K.S.A. 2015 Supp. 8-1567a.

On August 5, 2015, the district court held a trial de novo on Gonzales' petition for judicial review. Trooper Gosch was the only witness to appear at trial. The trooper testified that shortly after 12 a.m. on February 22, 2014, he made a traffic stop of Gonzales' vehicle because he observed the motorist "[drive] onto the centerline, [drive] over the white line, [drive] onto the centerline and then [drive] over the white line or onto the white line."

Although Trooper Gosch informed Gonzales that he had stopped him for "traveling left of center," the trooper later determined that the traffic offense of failure to maintain a lane "fit [the facts] better." At the hearing, Trooper Gosch also testified that based on his training and experience, a driver's inability to maintain a single lane of travel is an indication that the individual may be impaired.

5

Upon making contact with Gonzales, Trooper Gosch detected "the odor of alcohol about his person" and that he had "bloodshot and/or droopy eyes." While Gonzales was able to "carr[y] on a rather extensive conversation" with the trooper, the trooper noted that Gonzales' speech was "somewhat slurred."

When Trooper Gosch asked Gonzales for his driver's license, Gonzales had "some difficulty" providing it, which, according to the trooper, is an indication of possible impairment. Upon questioning Gonzales about his age, the trooper was informed that Gonzales was 19 years of age. At some point during the encounter, Gonzales admitted that he had consumed one alcoholic beverage, although he later changed this admission to two alcoholic beverages. At the trial, the KDR's attorney asked Trooper Gosch, "[B]ecause [Gonzales] was under the age of 21, it was against the law for him to either possess or consume alcohol; is that a fair statement?" Trooper Gosch responded, "That's fair."

Trooper Gosch asked Gonzales to perform some field sobriety tests; specifically, the walk-and-turn and the one-leg-stand tests. Although Trooper Gosch checked the "'failed sobriety tests'" box on the DC-27 form, he testified that the walk-and-turn and one-leg-stand are not "pass/fail test[s; they] just show[ ] that there are clues of impairment" due to the consumption of drugs or alcohol. Gonzales exhibited three clues of impairment during the walk-and-turn, *i.e.*, he lost his balance during the instructional phase, he did not touch heel to toe on the first set of steps, and he made an improper turn. On the other hand, Gonzales did not exhibit any clues of impairment during the one-leg-stand test.

According to Trooper Gosch, after Gonzales refused his request to submit to a preliminary breath test (PBT) and the trooper had made a decision to arrest him, Gonzales pointed out an open container of Jack Daniel's bourbon that was on the

vehicle's backseat. At some point thereafter, Trooper Gosch also discovered an open container of beer and an "open container of Crown" in Gonzales' vehicle.

After reviewing the evidence, including the dash cam video (which is not in the record on appeal), the district court reversed the administrative order of suspension. The district court found that Gonzales' refusal to submit to an evidentiary breath test may not serve as the basis for such a suspension because "based on the totality of the circumstances, there was no probable cause for [Gonzales'] arrest" and "a lawful arrest is required before the officer is authorized to request the driver to breathe into the Intoxilyzer 8000 under K.S.A. [2015 Supp.] 8-1001(b)." In particular, the district court ruled that while the dash cam video of the traffic stop supported Trooper Gosch's assertions that Gonzales admitted to consuming one drink, the delay in Gonzales' obtaining his driver's license, and his refusal to submit to a PBT, the video did not support the trooper's remaining factual assertions regarding the indicators of intoxication.

With regard to the KDR's contention raised at trial that Trooper Gosch was legally authorized to request evidentiary chemical testing because he had reasonable grounds to believe that Gonzales was under the age of 21 and driving with alcohol or drugs in his system, the district court found:

> "It seems somewhat disingenuous for the [KDR] to argue that the Trooper's request for testing should be judged on a less strict standard applicable to those under 21 years of age given the absence of the DC-27 certification as same being the basis of the request and the absence of any testimony from the Trooper that such considerations even crossed his mind."

The KDR subsequently filed this timely appeal.

7

On appeal, the KDR contends the district court erred, as a matter of law, when it determined that Trooper Gosch lacked reasonable grounds to request evidentiary chemical testing because the court applied the wrong statutory standard. In particular, the KDR claims the district court erroneously focused on whether Trooper Gosch had probable cause to arrest or otherwise take Gonzales into custody for DUI under K.S.A. 2015 Supp. 8-1567, the statute that describes the criminal offense of DUI, *i.e.*, operating a vehicle with a breath or blood alcohol concentration of .08 or more. On the contrary, the KDR claims that in the district court's review of the administrative suspension order it should have applied K.S.A. 2015 Supp. 8-1567a, the statute that describes the civil offense of underage DUI, *i.e.*, an attempt to operate a vehicle with a breath or blood alcohol concentration between .02 and .08 by any person less than 21 years of age.

Gonzales, on the other hand, urges us to affirm the district court's ruling that the KDR was precluded from raising the applicability of K.S.A. 2015 Supp. 8-1567a at the trial de novo because Trooper Gosch neglected to assert this justification on the DC-27 form, at the administrative hearing, or prove it at the trial level.

Driver's license suspension cases are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.* Following the issuance of the administrative order, the licensee may petition the district court for judicial review. See K.S.A. 77-610; K.S.A. 2015 Supp. 8-1020(o), (p); K.S.A. 2015 Supp. 8-259(a). The district court then conducts a de novo trial to "take testimony, examine the facts of the case and determine whether the petitioner is entitled to driving privileges or whether the petitioner's driving privileges are subject to suspension or suspension and restriction." K.S.A. 2015 Supp. 8-1020(p); see K.S.A. 2015 Supp. 8-259(a). The burden rests upon the licensee to show that the agency's decision should be set aside. K.S.A. 2015 Supp. 8-1020 (q); see K.S.A. 2015

Supp. 77-621(a)(1) ("The burden of proving the invalidity of agency action is on the party asserting invalidity.").

Although a district court's review of the administrative action shall be by trial de novo, the proceeding retains an appellate character. *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 764-65, 758 P.2d 226 (1988). In *Angle*, our court held that the district court does not have the authority to review the proceedings anew. In other words, the district court may only consider issues which the licensee properly raised at the administrative hearing. Our court explained:  "If [the licensee] may raise a completely new issue and produce evidence before the court not produced below, effectively the agency action is ignored and the proceeding is not truly appellate." 12 Kan. App. 2d at 764. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 411-12, 204 P.3d 562 (2009) ("In an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. [Citations omitted.]. In turn, a district court may only review those issues litigated at the administrative level. [Citation omitted.]"); *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 795, 133 P.3d 104 (2006) ("It must be noted that the licensee bears the burden of adequately raising those issues of concern at the administrative hearing in order to raise them before the district court. [Citations omitted.]"); K.S.A. 2015 Supp. 77-617 (outlining limitations on new issues).

Although not applicable to this appeal, we note for clarity that effective July 1, 2016, the legislature amended K.S.A. 2015 Supp. 8-1020(p) to allow a district court to consider certain constitutional issues even if not raised at the administrative hearing. See L. 2016, ch. 69, sec. 2.

The issue preservation rule is not limited to the licensee; it applies with equal force to the KDR. In fact, this court has explicitly rejected previous attempts by the KDR to exempt itself from this issue preservation requirement. See *Zurawski v. Kansas Dept. of*

*Revenue*, 18 Kan. App. 2d 325, 328-29, 851 P.2d 1385 (1993); *Meigs v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 537, 544-45, 825 P.2d 1175, *aff'd* 251 Kan. 677, 840 P.2d 448 (1992).

In *Meigs*, the KDR attempted to raise a new justification for its decision to suspend the licensee's driving privileges. KDR claimed the law enforcement officer notified the licensee, who had a prior DUI diversion, that "one who is the subject of a prior DUI diversion will have driving privileges suspended for 'at least one year' for refusing testing" and this notification "basically '[made] up'" for the law enforcement officer's failure to strictly comply with mandatory notice requirements. 16 Kan. App. 2d at 544. Our court refused to consider this new argument:

> "In *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, Syl. ¶¶ 7, 8, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988), we held that an issue not raised at the administrative hearing may not be raised for the first time during de novo review or on appeal. Although the record of the administrative hearing is quite sketchy, we see no indication that that point was ever raised by the [KDR]. The [licensee] assures us that it was not raised, and the [KDR] has not shown that it was. As a result, we will not consider that issue for the first time on appeal." 16 Kan. App. 2d at 544-45.

Similarly, in *Zurawski*, the KDR alleged the district court erred in admitting letters from the licensee's doctor because the letters were hearsay and lacked proper foundation, an issue the KDR had failed to raise at the administrative hearing. Citing *Angle*, our court refused to consider this issue because allowing the district court to review an issue that was not preserved by way of an objection at the administrative hearing "would change the nature of the district court proceedings, which are predominantly appellate in nature." 18 Kan. App. 2d at 329. In reaching this decision, the panel rejected KDR's claim that "*Angle* only prevents the party who petitioned for judicial review from raising issues not raised at the administrative hearing." 18 Kan. App. 2d at 329. In particular, our court found that *Meigs* clearly demonstrated that "*all* parties to an administrative hearing are

10

bound by the rule that, unless an issue is first raised at the administrative hearing, it may not be raised during the district court's de novo review." (Emphasis added.) 18 Kan. App. 2d at 329.

On appeal, Gonzales asserts, as he did below, that not only did Trooper Gosch opt not to justify the request for evidentiary chemical testing by certifying that reasonable grounds existed to believe that Gonzales was under the age of 21 and driving with alcohol or drugs in his system, the KDR never raised this issue at the administrative hearing. Our review of the administrative record supports this assertion.

As detailed in the Factual and Procedural Background section, Trooper Gosch was required to certify on the DC-27 form his reason for Gonzales' driver's license suspension. There were three grounds that could be selected on the form. Trooper Gosch marked the box which indicated that the trooper had "reasonable grounds . . . to believe that [Gonzales] . . . had been operating a vehicle while under the influence of alcohol and/or drugs in violation of state statute, city ordinance or county resolution." Importantly, however, the trooper did not mark the box on the DC-27 form which indicated the person was arrested or otherwise taken into custody for any violation of a "state statute, city ordinance or county resolution" and the officer had reasonable grounds to believe the person was "under the age of 21 years and was operating or attempting to operate a vehicle while having alcohol or other drugs in such person's system."

In short, although there was an opportunity for Trooper Gosch to indicate on the DC-27 form that his justification for requesting an evidentiary breath test was that Gonzales was under 21 years of age and had alcohol or drugs in his system, in violation of K.S.A. 2015 Supp. 8-1567a, the trooper selected language describing the more typical DUI violation as provided in K.S.A. 2015 8-1567.

11

Our review of the administrative hearing notes also convinces us that the KDR did not raise the issue of Gonzales being under 21years of age with alcohol or drugs in his system at the time of the vehicle stop. As detailed earlier, none of the handwritten comments made by the administrative hearing officer referenced Gonzales' age. Moreover, although there was preprinted language and blanks referencing a scenario wherein the age of the driver was under 21 years of age, none of these blanks were completed by the administrative hearing officer.

Lastly, our review of the administrative hearing order also persuades us that the issue of Gonzales' age was not raised during the administrative hearing. This form order suspending Gonzales' license did not identify which of three possible grounds (including Gonzales' age) justified Trooper Gosch's request for an evidentiary breath test. Moreover, the administrative hearing officer's handwritten comments about the evidence produced at the hearing did not mention any evidence that Gonzales was under 21 years of age at the time of this incident.

Applying *Zurawski* and *Meigs* to the facts of this case, we conclude the district court did not err in declining to consider the KDR's evidence of Gonzales' age as a basis to justify the administrative suspension. Quite simply, this issue was not developed at the administrative level and was not even identified as an issue in KDR's answer or the pretrial order. Given these failures and the appellate character of a district court's review in these administrative matters, we hold the KDR did not preserve this issue for review by the district court. Accordingly, the district court did not err in declining to consider this issue which was first raised by the KDR during the district court trial.

Finally, on appeal, the KDR does not challenge the district court's judgment that Trooper Gosch did not have reasonable grounds to believe Gonzales was DUI pursuant to K.S.A. 2015 Supp. 8-1567 and, therefore, did not have reasonable grounds to request an evidentiary breath test. As a general rule, an issue not briefed by an appellant is deemed

12

waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). Accordingly, this aspect of the district court's judgment is also affirmed.

Affirmed.