No. 82,345

Robert E. Pitts, D.D.S., *Appellant*, v. The Kansas Dental Board, *Appellee.*

(987 P.2d 348)

Opinion filed July 9, 1999.

*Jeffrey L. Griffith,* of Derby, argued the cause and was on the brief for appellant.

*Kevin M. Fowler,* of Frieden, Haynes & Forbes, of Topeka, argued the cause, and *Randall J. Forbes* and *Christina Collins,* of the same firm, were on the brief for appellee.

The opinion of the court was delivered by

McFarland, C.J.: Robert Pitts filed a motion with the Kansas Dental Board to reinstate his license to practice dentistry which the Board had revoked in 1982. The Board denied the motion, holding it had no authority to reinstate a license previously revoked. Pitts sought review of this decision in the district court where it was affirmed. The matter comes before us on Pitts' appeal from the decision of the district court.

## ISSUE

The sole issue before us is whether the district court erred in affirming the Kansas Dental Board's decision that it has no authority to reinstate a previously revoked license to practice dentistry.

## FACTS

As the sole issue concerns the authority of the Board to reinstate a revoked license rather than the particular facts applicable to Pitts' revocation and motion for reinstatement, it is unnecessary to set forth the factual findings made at the time of license revocation or the allegations in Pitts' motion relative to his claimed rehabilitation.

It is sufficient to say that the Board held, *inter alia*:

"Neither the Kansas Dental Act, 65-1422 *et seq.*, (the 'Act') nor the Board's regulations, K.A.R. 71-1-1 *et seq.*, (the 'Board's Regulations') contain a provision authorizing the Board to reinstate a license to practice dentistry in Kansas after that license has been revoked."

In affirming the Board's decision the district court discussed Kansas statutes relative to certain other licensing boards which specifically refer to reinstatement of revoked licenses. The district court then held:

"From the above analysis, the legislature clearly could have given the Dental Board the power to reinstate revoked dental licenses. However, its silence in this area leads the Court to conclude that the Board in the present case did not err in denying relief to Plaintiff based on its inability to reinstate a revoked license. As such, the Board's order is affirmed."

Pitts appeals from the district court's affirmance of the Board. We transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

## SCOPE OF REVIEW

This case came to the district court pursuant to the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA) (K.S.A. 77-601 *et seq.*). When an administrative agency action is appealed to the district court pursuant to KJRA and then appealed from the district court to this court, we review the agency's decision as though the appeal had been made directly to us and we are subject to the same limitations of review as the district court. *Sokol v. Kansas Dept. of SRS*, 267 Kan. 740, Syl. ¶ 4, 981 P.2d 1172 (1999); *U.S.D. No. 443 v. Kansas State Board of Education*, 266 Kan. 75, Syl. ¶ 1, 966 P.2d 68 (1998). As we are concerned herein solely with a question of law, our scope of review is unlimited. See *Eberth v. Carlson*, 266 Kan. 726, 731, 971 P.2d 1182 (1999).

## ANALYSIS

With no discussion, the Board based its decision that it lacked authority to reinstate a revoked license on the ground no statute expressly authorized it to reinstate a revoked license. The district

court, in affirming the Board's decision, acknowledged no express authority was granted and then stated:

"For further evidence that the Dental Board does not have the power to reinstate a revoked license is the express power to reinstate granted to other boards by the legislature. The Kansas Optometry Act specifically grants the Optometry Board the power to reinstate a revoked license. *See* K.S.A. 65-1521 ('At any time after the expiration of one year, application may be made for reinstatement of any license[e] whose license shall have been revoked, and such application shall be addressed to the secretary-treasurer of the board.') The Kansas Pharmacy Act at K.S.A. 65-1627f also provides expressly that if a license to practice pharmacy in Kansas is revoked 'such revocation shall be for all time, except that at any time after the expiration of one year, application may be made for reinstatement of any license, registrant or permit holder whose license, registration or permit shall have been revoked, and such application shall be addressed to the executive secretary of the board.' *See also* K.S.A. 65-1821 (reinstatement of a barber['s] license after revocation or suspension of license) and K.S.A. 65-2844 (authorizing Board of Healing Arts to reinstate a prior revoked license after three years)."

The common ground of these statutes relative to other licensing boards is to place a minimum time which must elapse between the revocation and the filing of an application to reinstate the license. Such provisions are in the nature of a restriction on the filing of a motion to reinstate rather than the granting of authority to reinstate.

Does the failure to include comparable language in the Kansas Dental Act equate to a legislative intent that a dentist having fallen from professional grace should be forever precluded from seeking redemption from his or her peers? We think not. There is nothing in common human experience or the record which leads us to the conclusion that the legislature, by omitting a specific time limitation on when dentists could seek reinstatement of a previously revoked license, intended to permanently bar such dentists from the profession. Indeed, the Kansas Dental Act itself contemplates that a dentist whose license has been revoked in another state may or may not be issued a Kansas license by the Board. The Board is not required to refuse the issuance of a license in such circumstances as set forth in K.S.A. 1998 Supp. 65-1436(a)(18), which provides:

"(a) The Kansas dental board *may refuse to issue the license* provided for in this act . . . *whenever* it is established, after notice and opportunity for hearing . . . that . . . :
(18) *The licensee has had a license to practice dentistry revoked*, suspended or limited, has been censured or has had other disciplinary action taken, an application for license denied, or voluntarily surrendered the license after formal proceeding have been commenced by the proper licensing authority or another state, territory or the District of Columbia or other country . . . ." (Emphasis added.)

We conclude that as a matter of law, the Kansas Dental Board has the authority to reinstate a license it has previously revoked.

Reversed.

Six, J., concurring: The Board acknowledges in the conclusion to its brief: "As Judge Rosen observed in his order, nothing in the Act prevents the appellant from submitting his application to sit for the licensure examination under K.S.A. § 65-1426 and § 65-1428."

I agree with the majority result but disagree with the majority's inference that the Board's position is: "[A] dentist having fallen from professional grace should be forever precluded from seeking redemption from his or her peers." As the district court observed, redemption may come from successfully sitting for the licensure examination.