(27 P.3d 943)

No. 85,342

MICHAEL SCOTT JOHNSON, *Appellant,* v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

—

Opinion filed July 20, 2001.

*Michael S. Holland, II,* of Russell, for appellant.

*Brian Cox,* of Kansas Department of Revenue, of Topeka, for appellee.

Before MARQUARDT, P.J., JOHNSON, J., and JACKSON, S.J.

JOHNSON, J: Michael Scott Johnson appeals the district court's order allowing a Kansas Division of Vehicles hearing officer to reconsider and amend Johnson's driver's license suspension after the statutory deadline to appeal such an administrative order. We reverse and remand with instructions to reinstate the original administrative order.

Following an arrest for driving under the influence (DUI), Johnson failed a blood alcohol test. After receiving the law enforcement officer's certification of test failure and suspension of driver's license form, Johnson properly requested and received an administrative hearing on May 19, 1999. That date, the hearing officer issued an administrative order, making findings adverse to Johnson. The order specified Johnson's driver's license was suspended for

30 days and restricted for an additional 330 days (30/330). The document specifically advised Johnson he had 10 days from May 19th to petition for review with the district court.

No appeal was taken from the administrative order. On June 11, 1999, the Director of Vehicles issued a driver's license suspension notice to Johnson, subtitled "ORDER." It indicated the suspension was from May 19 to June 17, 1999, and the restrictions were from June 18, 1999, to May 13, 2000.

On June 25, 1999, the Kansas Department of Revenue (KDR) filed a motion for reconsideration with the hearing examiner. The motion alleged Johnson had a prior DUI diversion in July 1995 and the suspension should have been for 1 year. Johnson objected to the reconsideration. On August 23, 1999, a telephone conference hearing was conducted, and the hearing officer issued an amended order designating a 1-year suspension. The following day, the Director of Vehicles issued a driver's license withdrawal notice indicating a suspension from May 19, 1999, to May 19, 2000.

Johnson effected judicial review of the amended administrative order. In April 2000, the district court issued its memorandum decision, finding in favor of KDR. Johnson timely appeals.

The sole issue raised on appeal is whether the hearing officer had the authority to reconsider the May 19th administrative order. Johnson frames the issue as jurisdictional. Whether the hearing officer had jurisdiction to reconsider the order is a question of law over which this court has unlimited review. See *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000). KDR disputes that the issue is jurisdictional but agrees the issue on appeal is legal in nature and subject to *de novo* review.

The district court found KDR's motion for reconsideration "was nothing more than a motion to correct an illegal disposition," and, therefore, the hearing officer did not lose jurisdiction to correct the illegal suspension. It is unclear how the renaming or recharacterization of KDR's pleading supported the trial court's ruling. KDR also asserts it was merely seeking correction of an illegal order or of a clerical mistake. This is not a criminal case in which jurisdiction exists to correct an illegal sentence at any time. See K.S.A. 22-3504. Even in the criminal arena, the State is barred

from subsequently challenging a sentence based on a stipulated but erroneous criminal history. See, *e.g. Thompson v. State*, 25 Kan. App. 2d 659, 660, 967 P.2d 361 (1998). Here, the 30/330 suspension order was not illegal; it was the statutorily mandated sanction for a first-time offender. KDR wanted to revisit the factual issue of Johnson's driving history.

K.S.A. 2000 Supp. 8-259(a) provides for judicial review of an alcohol-related driver's license suspension, following an administrative hearing pursuant to K.S.A. 2000 Supp. 8-1002. The petition for review shall be filed within 10 calendar days after the effective date of the order. K.S.A. 2000 Supp. 8-259(a); K.S.A. 2000 Supp. 8-1002(o). K.S.A. 2000 Supp. 8-259(a) specifically makes the review subject to the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et. seq.*

There is no provision in K.S.A. 2000 Supp. 8-259 or KJRA specifically authorizing a request for reconsideration. The Kansas Administrative Procedure Act (KAPA) does provide a procedure for the reconsideration of agency decisions prior to judicial review. K.S.A. 2000 Supp. 77-529. However, KAPA "applies 'only to the extent that other statutes expressly provide that the provisions of [the] act govern proceedings under those statutes.' K.S.A. 77-503." *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 343, 969 P.2d 875 (1998) (Davis, J., concurring). The relevant statutes here do not incorporate the use of KAPA. Therefore, Johnson argues the right to have judicial review precludes KDR's use of a motion for reconsideration. However, the KJRA does discuss the effect of a petition for reconsideration on the time to appeal. K.S.A. 77-613. The implication is that a request for reconsideration is permissible.

Ironically, both parties cite *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 687 P.2d 603 (1984), to support their respective positions. That case is not directly on point because there the administrative reconsideration occurred while the matter was pending on appeal with the district court. The precise holding that disposed of the specific facts in *City of Shawnee* was:

"[W]hen an administrative board acts in a quasi-judicial capacity, as in the instant case, and enters a final order or judgment, its jurisdiction to reconsider or change such order or judgment ceases from and after the time a valid appeal has been

perfected; the jurisdiction of the board remains suspended during the pendency of the appeal." 236 Kan. at 15.

Johnson believes the underlying rationale of *City of Shawnee* is that "[t]he right of appeal implies a final order which is no longer open for rehearing or reconsideration by the administrative body." 236 Kan. at 14. He avers the specific statutory right to appeal the hearing officer's suspension makes it a final order which is no longer open for agency reconsideration. KJRA indicates permissive reconsideration is not precluded. We find that it is permissible to petition for reconsideration of the administrative order during the 10 days following the effective date of the order.

KDR reads *City of Shawnee* as granting an administrative agency the right to reconsider its rulings at any time prior to the perfection of an appeal to the district court. Since Johnson did not perfect an appeal of the original administrative order, agency jurisdiction to reconsider the suspension order continued unabated by the time to appeal. KDR opines that jurisdiction continues, absent an appeal, until the delay in seeking reconsideration becomes unreasonable or unduly prejudicial to the licensee.

KDR further argues that, even if the original suspension order is deemed a final order, it has the power to reconsider its actions because its jurisdiction is "continuing in nature." *Warburton v. Warkentin*, 185 Kan. 468, 476, 345 P.2d 992 (1959). KDR cites several examples of its continuing jurisdiction over drivers' licenses in general and Johnson's driver's license in particular, *e.g.*, reinstatement and return of the license following suspension. The proffered examples are all administrative functions; the suspension proceeding was a quasi-judicial function. It is obvious the legislature did not intend continuing ministerial duties to obviate " '[f]inal agency action' " in quasi-judicial matters. See K.S.A. 77-607(b).

On a broader scale, KDR asserts it has inherent or implied power to reconsider suspension orders, including the right to revisit substantive matters. For authority, KDR cites *Pitts v. Kansas Dental Bd.*, 267 Kan. 775, 987 P.2d 348 (1999). In *Pitts*, the Kansas Supreme Court held that the mere absence of language in the Kansas Dental Act, K.S.A. 65-1421 *et. seq.*, authorizing reinstatement of a

dentist's previously revoked license did not reflect the legislative intent to permanently bar the Dental Board from readmitting such dentists into the profession. 267 Kan. at 777. However, the Dental Board was not relitigating the facts which prompted the original revocation. It is inconceivable our legislature promulgated KAPA, KJRA, and K.S.A. 2000 Supp. 8-259 with the intention that KDR would retain inherent power to retry driver's license suspension hearings at will.

Further, KDR contends its position is logical because a licensee has the same right to seek reconsideration. KDR suggests it would, as a matter of fundamental fairness, consider a licensee's complaint as to the length of suspension even after the appeal time had run. Although we do not doubt KDR's sense of fair play, the law does not provide a licensee any post-appeal redress in the event KDR does not feel benevolent. "The time for taking an administrative appeal, as prescribed by statute, is jurisdictional, and delay beyond the statutory time is fatal to an appeal." *State Bank Commissioner v. Emery*, 19 Kan. App. 2d 1063, Syl. 1, 880 P.2d 783 (1994).

KDR does not believe Johnson should be permitted to complain about the corrected suspension order, because neither Johnson nor his attorney apprised the hearing officer of the prior diversion. The hearing is conducted by the Director of the Division of Vehicles or the representative of the Director. K.S.A. 2000 Supp. 8-1002(k). The division is the official repository for all offenses under the motor vehicle drivers' license act. K.S.A. 2000 Supp. 8-253. KDR cites no authority requiring a licensee to self-report his or her driving record to the official custodian of that record.

Both parties proffer other arguments we need not address to reach our decision. We believe, based on a fair reading of *City of Shawnee* and the procedural provisions of the KJRA, the hearing officer's May 19, 1999, administrative order was a final agency action. As such, KDR had 10 days in which to either request a reconsideration from the hearing officer or to effect judicial review of the order. KDR's motion for reconsideration was untimely and the hearing officer was without jurisdiction to amend the suspension order.

Reversed and remanded with instructions to reinstate the original, May 19, 1999, administrative order.