(40 P.3d 988)
No. 87,287

STEVEN C. WIEST, *Appellant*, v. STATE OF KANSAS, KANSAS BOARD OF REGENTS, KANSAS STATE UNIVERSITY OF AGRICULTURE AND APPLIED SCIENCE, *Appellees*.

Opinion filed February 22, 2002.

*Peter Charles Rombold*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for appellant.

*Jennifer M. Kassebaum*, of the Office of University Attorney, Kansas State University, of Manhattan, for appellees.

Before RULON, C.J., BEIER, J., and WAHL, S.J.

BEIER, J.: Steven C. Wiest appeals the district court's dismissal of his petition for judicial review of his termination from the tenured faculty of Kansas State University.

Wiest was notified that his employment would be terminated after the 1999-2000 academic year because of three unsatisfactory annual evaluations. He appealed the decision to the university provost, and, when unsuccessful, was given 3 days of hearings in October 2000 by the faculty grievance board. The board recom-

mended to University President Jon Wefald that the dismissal be upheld.

On November 17, 2000, the president sent Wiest a letter by certified mail, denying his appeal and upholding the dismissal. Wiest received the letter on November 21, 2000. The letter was not copied to Wiest's counsel, and it did not identify any university official designated to receive service of Wiest's appeal from the president's decision.

On December 20, 2000,—33 days after the president's letter was written and sent and 29 days after Wiest received it—Wiest filed his petition for judicial review of the "Agency's action, which was taken on November 17, 2000, wherein Jon Wefald, in his capacity as the Chief Executive Officer of the Agency, upheld Petitioner's dismissal."

Respondents State of Kansas, the Kansas Board of Regents, and Kansas State University filed a motion to dismiss for lack of jurisdiction because the petition was not filed within 30 days of the president's decision, which they classified as an "agency action other than a rule and regulation or final order" under K.S.A. 77-613(d).

Wiest raised several arguments in response:

- If his appeal time began running before he received notice of the decision, his due process rights were violated;
- the president's letter was a "final order" governed by K.S.A. 77-602(b) and (e) rather than an "agency action other than a rule and regulation or final order" under K.S.A. 77-613(d);
- the time period for appeal had not begun to run because the letter failed to inform Wiest of his appeal rights in compliance with K.S.A. 77-613(e);
- K.S.A. 77-613(d)(2) expressly provides for an extension of appeal time for any period during which Wiest lacked notice of the president's decision; and/or
- the 3-day mail rule under K.S.A. 77-613(e) made Wiest's petition timely.

After a hearing, the district court found the president's letter of November 17 was a final agency "action," and petitioner failed to

comply with the clear and unambiguous language of K.S.A. 77-613(d) by not filing his petition for judicial review within 30 days.

The Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, applies to all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute. K.S.A. 77-603(a). "When an administrative agency action is appealed to the district court pursuant to KJRA and then appealed from the district court to this court, we review the agency's decision as though the appeal had been made directly to us and we are subject to the same limitations of review as the district court." *Pitts v. Kansas Dental Bd.*, 267 Kan. 775, 776, 987 P.2d 348 (1999). In addition, issues of jurisdiction and statutory interpretation raise questions of law subject to unlimited review. See *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999) (jurisdiction); *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018, 974 P.2d 578 (1999) (statutory interpretation).

K.S.A. 77-613 provides in relevant part:

"Subject to other requirements of this act or of another statute:

. . . .

"(b) If reconsideration has not been requested and is not a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed within 30 days after service of the order.

. . . .

"(d) A petition for judicial review of agency action other than a rule and regulation or final order shall be filed within 30 days after the agency action, but the time is extended:

(1) During the pendency of the petitioner's timely attempts to exhaust administrative remedies; and

(2) during any period that the petitioner did not know and was under no duty to discover, or did not know and was under a duty to discover but could not reasonably have discovered, that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this act.

"(e) Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by delivering a copy of it to them or by mailing a copy of it to them at their last known addresses . . . . Service by mail is complete upon mailing. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of an order, pleading or other matter and it is served

by mail, three days shall be added to the prescribed period. *Unless reconsideration is a prerequisite for seeking judicial review, a final order shall state the agency officer to receive service of a petition for judicial review on behalf of the agency."*

The dispositive issue in this case is whether the president's November 17 letter was a "final order" or an "agency action other than a rule and regulation or final order." If the letter was a "final order," then petitioner timely filed his petition within 33 days of service of the letter (30 days under K.S.A. 77-613[b] plus 3 days for service by mail under K.S.A. 77-613[e]). If the letter qualifies as an "agency action other than a rule and regulation or final order," then Wiest's petition might not have been filed within 30 days of the decision itself, as required by K.S.A. 77-613(d).

Neither "final order" nor "agency action other than a rule and regulation or final order" is explicitly defined in the KJRA. However, "agency action" is defined as: "(1) The whole or a part of a rule and regulation or an order; (2) the failure to issue a rule and regulation or an order; or (3) an agency's performance of, or failure to perform, any other duty, function or activity, discretionary or otherwise." K.S.A. 77-602(b). And an "order" is "an agency action of particular applicability that determines the legal rights, duties, privileges, immunities or other legal interests of one or more specific persons." K.S.A. 77-602(e). Under the plain language of these provisions, an "order" is a particular type of "action," *i.e.*, agency "orders" clearly compose a subset of possible agency "actions."

Wiest also directs us to three Kansas Supreme Court decisions to support his characterization of the president's November 17 letter as a "final order."

In the first of these cases, *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 969 P.2d 875 (1998), the plaintiffs had purchased a winning lottery ticket, but they received only one-half of the award because a second winning ticket had been sold. When the second winning ticket was not presented for a year, the plaintiffs filed a claim seeking the unclaimed half of the prize. The Executive Director of the Kansas Lottery informed plaintiffs' counsel by letter that the Lottery denied plaintiffs' claim. Plaintiffs then filed a petition in district court for breach of contract. The district court dismissed the case because the plaintiffs' sole avenue of relief was

the KJRA. Furthermore, even if the petition was construed as filed pursuant to the KJRA, it would have been untimely under K.S.A. 77-613(b).

On appeal, the Kansas Supreme Court first held the district court properly dismissed the case because it was not filed pursuant to the KJRA. 266 Kan. at 340-41. But the court also addressed the issue of whether the denial letter qualified as a "final order." The justices observed that a "final order" under the KJRA is characterized and defined as a "final agency action," which in turn is defined under K.S.A. 77-607(b)(1) and (2):

" '(1) "Final agency action" means the whole or a part of any agency action other than nonfinal agency action;

" '(2) "Nonfinal agency action" means the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency.' " 266 Kan. at 341.

In view of these provisions, the court ruled, the denial letter was unquestionably a "final agency action," because it finally and completely resolved the plaintiffs' claim. 266 Kan. at 341.

The court then went on to find a problem with service of the "final order," because it was not sent to the plaintiffs themselves and did not state the agency officer who could receive service of a petition for judicial review as required by K.S.A. 77-613(e). Because the notice provisions of 77-613(e) required strict compliance, the court said, the 30-day period had not yet expired. 266 Kan. at 342-43.

The second case relied upon by Wiest is *Schall v. Wichita State University*, 269 Kan. 456, 7 P.3d 1144 (2000). In *Schall*, the plaintiff was terminated from his position as a clinical supervisor/coordinator. He filed an internal grievance, which was appealed to the Senate Grievance Review Committee, whose recommendation was adopted by the Wichita State University (WSU) president in a written decision. Plaintiff did not file his breach of contract claim pursuant to the KJRA.

On appeal, WSU argued plaintiff's only remedy to appeal the final decision of the president was pursuant to the KJRA, and the

Kansas Supreme Court agreed. The court also held plaintiff failed to comply with K.S.A. 77-613(b) by not filing an appeal within 30 days of service of the "final order" of the president. 269 Kan. at 483.

The third case relied upon by Wiest is *Heiland v. Dunnick*, 270 Kan. 663, 19 P.3d 103 (2001). In that case, the plaintiff was laid off from his position as a financial examiner for the Kansas Savings and Loan Department (subsequently taken over by the State Bank Commission [SBC]), and he claimed he was denied preferential rehiring rights. Plaintiff voiced his concerns by letter to the Department of Administration's (DOA) Division of Personnel Services; the DOA responded that no positions necessitated the use of reemployment lists. Plaintiff next wrote to the Chief Attorney of the DOA, and his demands were rejected by legal counsel. Plaintiff then presented a claim to the Kansas Legislature's Joint Committee on Special Claims Against the State and was denied relief. Finally, plaintiff filed a declaratory judgment action against the SBC, and the district court dismissed the case for failure to bring suit under the KJRA within 30 days of the denial of the claim by the Joint Committee. This court affirmed on appeal.

On petition for review, the Kansas Supreme Court found plaintiff's actions in going through the DOA rather than the SBC were appropriate because the DOA had the authority and power to redress his claims. The court found the denial letter from the DOA constituted a "final agency action" as defined by K.S.A. 77-607(b)(1) and (2) and added 3 days for service by mail to the 30-day time limit, pursuant to K.S.A. 77-613(e). The court also noted that the denial letter failed to comply with K.S.A. 77-613(e), although SBC had argued the letter constituted an "action" rather than an "order" and thus compliance with K.S.A. 77-613(e) was not required. 270 Kan. at 670-71.

SBC had argued the "action" in question was its failure to rehire plaintiff during a 3-year preferential rehiring period, and his appeal time should have started running on the last day of that period. The court rejected this argument, stating:

"The KJRA clearly makes a distinction between an order which is subject to judicial review within 30 days of its service and an agency action which is subject

to judicial review within 30 days of its date except where it is not discovered or an attempt to exhaust administrative remedies is involved. See K.S.A. 77-613(b) and (d). However, once [plaintiff] attempted to pursue an administrative remedy, the decision of the administrative agency denying his claim became an order." 270 Kan. at 671-72.

As the denial letter did not comply with K.S.A. 77-613(e), the court applied *Reifschneider* in concluding the time period to appeal had not yet begun to run. 270 Kan. at 673.

In this case, respondents argue *Reifschneider* and *Heiland* are distinguishable because neither involved a clearly defined grievance procedure such as that pursued by Wiest. This distinction does more to assist their opponent than them. The quality and finality of an order is more easily recognized and appropriately acted upon when an established administrative grievance procedure with a definite ending point is in place.

Moreover, although respondents and the district court are correct that Wefald's November 17 letter qualified as a "final agency action" under K.S.A. 77-607(b)(1) and (2), given that it finally and completely resolved Wiest's administrative claim, this conclusion does not eliminate the fact that the letter also qualified as a "final order." Indeed, in *Reifschneider,* the Supreme Court used the words "action" and "order" in exactly the same senses they appear in the statutes. "Action" defined a broad category of agency endeavor, and "order" a subset of it. See 266 Kan. at 341-43.

*Schall* and *Heiland* provide further support for this understanding of the statutory scheme. Even though *Schall* did not directly consider the difference between a "final order" governed by K.S.A. 77-613(b) and an "agency action other than a rule and regulation or final order" governed by K.S.A. 77-613(d), the Supreme Court termed the president's letter ending an administrative grievance procedure virtually identical to the one at issue here a "final order." 269 Kan. at 482-83. In *Heiland,* once the plaintiff had decided to pursue an administrative remedy through the DOA's civil service procedures, the Supreme Court stated explicitly that the denial letter from the DOA's legal counsel ending the administrative phase of the case constituted a "final agency action" and qualified as a "final agency order." 270 Kan. at 670-72.

Here Wefald's November 17 letter was a "final order." Thus Wiest had 30 days from the date of service plus 3 additional days for service by mail to file his petition for review. See K.S.A. 77-613(b) and (e). The petition filed on December 20 was timely.

Our decision on this issue renders Wiest's other arguments moot. We therefore do not address their merits.

Reversed and remanded for further proceedings consistent with this opinion.