No. 118,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KYLE PEARSON,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

1.

A hearing officer has no authority to act outside the specific authority granted that hearing officer pursuant to statute.

2.

A properly served order to dismiss a Kansas Department of Revenue license suspension proceeding is a final order.

3.

A Kansas Department of Revenue hearing officer has no authority to sua sponte reverse a decision dismissing a license suspension hearing once a final order has been entered.

4.

A Kansas Department of Revenue hearing officer acts in a quasi-judicial role in a license suspension proceeding and is not a party to the action.

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed September 21, 2018. Reversed and dismissed.

1

*Kevin D. Weakley* and *Christopher M. Wolcott*, of Wallace Saunders, Chtd., of Overland Park, for appellant.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.

BURGESS, S.J.:  Kyle Pearson appeals the district court's order affirming the suspension of his driving privileges for the failure of a chemical breath test. Pearson argues the district court erred in concluding that the first hearing officer in the administrative proceedings had the authority to sua sponte withdraw the first administrative order that dismissed the suspension action against him and to reinstate the matter for a second hearing. Pearson also argues the first hearing officer's actions violated his due process rights and the separation of powers doctrine, and caused him financial and legal prejudice. We find that the hearing officer acted without authority in withdrawing the first administrative order and reverse the findings of the second hearing officer and the district court. Consistent with the ruling of the first hearing officer, this case is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

The parties presented this case on stipulated facts, which the district court adopted in a decision affirming the Kansas Department of Revenue's (KDR) administrative order suspending Pearson's driver's license for failing a chemical breath test.

On July 16, 2016, Kansas City, Kansas, Police Department Officer Kenneth Garrett arrested Pearson, and Pearson subsequently submitted to an evidentiary breath test with results above the legal limit. The officers personally served Pearson with an Officer's Certification and Notice of Suspension. Pearson timely filed a request for an administrative hearing with the KDR. The KDR set the administrative hearing for

October 5, 2016, subpoenaed Officer Garrett and Kansas City, Kansas, Police Department Officer P. Schwery, and assigned the hearing to Hearing Officer Dana Fanoele. On October 5, 2016, Fanoele held the hearing with Pearson's counsel and Officer Schwery in attendance, but Officer Garrett did not appear. After the hearing, Fanoele dismissed the suspension order against Pearson and personally served the administrative order on his counsel.

The day before the hearing, Officer Garrett had sent an email to KDR Deputy Counsel Courtney Hadley informing her that he could not attend the hearing on October 5, 2016, because of a recent hospitalization. Hadley did not notify Fanoele of Officer Garrett's email before the hearing but informed Fanoele regarding the officer's absence sometime after the hearing. On October 6, 2016, Fanoele sent the following letter to Pearson's counsel:

> "On October 5, 2016, an administrative hearing was held for [Pearson]. You appeared on behalf of your client. At the hearing, one of the arresting officers, Ken Garrett, failed to appear and I entered a Dismissal Order. The other arresting officer, P. Schwery, appeared at the hearing.
> "It later came to my attention that Officer Garrett had been admitted to the hospital. He had contacted the Department of Revenue Administrative Hearing Section regarding his inability to appear at the hearing.
> "*I am, therefore, withdrawing my previous Dismissal Order and asking the Administrative Hearing Section to reset this matter.* I apologize to you and your client for any confusion or inconvenience this may have caused. If you have any questions, please do not hesitate to contact me." (Emphasis added.)

On October 11, 2016, Pearson objected to the withdrawal of the administrative order dismissing the driver's license suspension order against Pearson in a letter sent to the Administrative Hearing Section. On November 23, 2016, the KDR sent a notice that

3

an administrative hearing was scheduled for January 4, 2017. The notice did not address Pearson's objection. The KDR subpoenaed Officers Garrett and Schwery.

On January 4, 2017, Hadley conducted the hearing and the hearing notes provided showed that Pearson reasserted his objection to Fanoele's decision to withdraw the October 5, 2016 administrative order of dismissal and reinstate the matter for a new hearing. At the close of the hearing, Hadley affirmed the KDR's order to suspend Pearson's driver's license.

Pearson timely filed a petition for review. In the district court, Pearson argued Fanoele lacked the authority to withdraw the order dismissing the administrative suspension and to reset his suspension proceedings for a new hearing. The district court disagreed, holding that *Johnson v. Kansas Dept. of Revenue*, 29 Kan. App. 2d 455, 27 P.3d 943 (2001), provided that Fanoele—as a party to the proceedings—could withdraw the October 5, 2016 dismissal and request a rehearing in Pearson's suspension case. Additionally, the district court stayed the suspension of Pearson's driver's license pending the completion of his appeal.

Pearson timely appeals.

DID THE HEARING OFFICER HAVE THE AUTHORITY TO WITHDRAW THE ORDER DISMISSING THE DRIVER'S LICENSE SUSPENSION ORDER AGAINST PEARSON?

First, the KDR argues that this court lacks jurisdiction over the appeal because Pearson did not file a timely petition for review. Pearson argues that the hearing officer lacked the authority to withdraw the first order dismissing the administrative suspension action against Pearson—after the effective date of the order but during the 14-day time-period for filing a petition for review—absent another KDR official or Pearson filing a request for reconsideration. Pearson also argues that the hearing officer's decision to

4

withdraw the order of dismissal violated his constitutional rights and was financially and legally prejudicial against him.

*Appellate Jurisdiction*

Before reaching the merits of Pearson's appeal, KDR's argument that this court lacks jurisdiction because Pearson did not file a timely petition for review within 14 days of the November 23, 2016 notice that set his administrative suspension action for a second hearing must be addressed.

*Standard of Review*

"An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. [Citation omitted.]" *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015).

> "Subject matter jurisdiction is vested by statute and establishes the court's authority to hear and decide a particular type of action. Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, and parties cannot convey subject matter jurisdiction on a court by failing to object to the court's lack of jurisdiction. If the district court lacks jurisdiction to make a ruling, an appellate court does not acquire jurisdiction over the subject matter on appeal. [Citations omitted.]" *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009).

"K.S.A. 8-1020 and K.S.A. 8-259 establish the district court's jurisdiction over the review of an administrative decision to suspend a licensee's driving privileges for failure or refusal of an alcohol intoxication test." *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 89, 106 P.3d 492 (2005).

5

Under K.S.A. 2017 Supp. 8-1020, "[s]ubsection (o) grants authority for judicial review of the order entered, and subsection (p) sets forth further requirements for the review." 279 Kan. at 89. K.S.A. 2017 Supp. 8-1020(o) specifically states that "[t]he licensee may file a petition for review of the hearing order pursuant to K.S.A. 8-259." K.S.A. 2017 Supp. 8-259(a) and K.S.A. 2017 Supp. 8-1020(p) each state, in relevant part, that the Kansas Judicial Review Act (KJRA) applies to the judicial review and that the petition for review must be filed "14 days after the effective date of the order." K.S.A. 2017 Supp. 8-1020(m) and (n) authorize a hearing officer, after conducting an administrative hearing, to issue an order either affirming or for good cause dismissing the action against the licensee. K.S.A. 2017 Supp. 8-1020(n) states:

> "The representative of the director may issue an order at the close of the hearing or may take the matter under advisement and issue a hearing order at a later date. If the order is made at the close of the hearing, the licensee or the licensee's attorney shall be served with a copy of the order by the representative of the director. If the matter is taken under advisement or if the hearing was by telephone conference call, the licensee and any attorney who appeared at the administrative hearing upon behalf of the licensee each shall be served with a copy of the hearing order by mail. Any law enforcement officer who appeared at the hearing also may be mailed a copy of the hearing order. The effective date of the hearing order shall be the date upon which the hearing order is served, whether served in person or by mail."

The KJRA also applies to the judicial review of an order under K.S.A. 2017 Supp. 8-1020. Under the KJRA:

> "A person who qualifies under this act regarding (1) standing (K.S.A. 77-611), (2) exhaustion of administrative remedies (K.S.A. 77-612) and (3) time for filing the petition for judicial review (K.S.A. 77-613) and other applicable provisions of law regarding bond, compliance and other preconditions is entitled to judicial review of final agency action, whether or not the person has sought judicial review of any related nonfinal agency action." K.S.A. 77-607(a).

6

*Exhaustion of Administrative Remedies*

Pearson argues that he did not have to file a petition for review from the November 23, 2016 notice because he had not exhausted all his administrative remedies.

> "The KJRA permits persons to seek judicial review of administrative actions 'only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review.' K.S.A. 77-607(a)(2) similarly states that a person is entitled to judicial review of an agency action when that person complies with the exhaustion requirement of K.S.A. 77-612. Thus, if a person does not exhaust all available and adequate administrative remedies before filing a petition for judicial review of an agency action, then the district court lacks subject matter jurisdiction to consider the contents of the petition. [Citations omitted.]" *Kingsley*, 288 Kan. at 408-09.

In *Kingsley*, the Kansas Supreme Court held that the exhaustion requirement applies to administrative procedures and requires that the licensee (1) timely request an administrative hearing; and (2) if the licensee disagrees with the administrative order affirming the suspension, he or she may file a petition for review. 288 Kan. at 411. As applied to this appeal, Pearson timely requested an administrative hearing. But due to the hearing officer's later decision to withdraw the first order of dismissal and to reinstate the matter for a second hearing, Pearson had no order with an effective date from which to file a petition for review when KDR sent the November 23, 2016 notice.

*Final Agency Action*

The KDR's argument that this court lacks jurisdiction also assumes that the November 23, 2016 notice setting Pearson's action for a second hearing was a final agency action.

7

The KJRA defines a nonfinal agency action as "the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency." K.S.A. 77-607(b)(2). A final agency action is defined as "the whole or a part of any agency action other than the nonfinal agency action." K.S.A. 77-607(b)(1).

In *Guss v. Fort Hays State Univ.*, 38 Kan. App. 2d 912, 916, 173 P.3d 1159 (2008), this court noted that "[n]o special incantations or magic words are required to create a final agency order. Kansas courts have consistently recognized that a relatively informal letter may constitute a final order for purposes of the statute." Moreover, the *Guss* court held that "[w]hile the KJRA does not define a final order, an agency's order is a particular type of agency 'action.' It is an agency action which determines the legal rights and duties of the parties. [Citation omitted.]" 38 Kan. App. 2d at 916. But "[a]n order cannot be final if the matter is still under 'active consideration' by the tribunal. [Citation omitted.]" 38 Kan. App. 2d at 917.

Another panel of this court recently addressed a similar argument from the KDR in *Cantu v. Kansas Dept. of Revenue*, No. 116,616, 2018 WL 2074275 (Kan. App. 2018) (unpublished opinion). For background, Officer Cara Stock arrested Cantu for driving under the influence of alcohol and served him with an officer's certification and notice of suspension for failing a breath-alcohol test. After Cantu requested a hearing with the KDR, the KDR determined that the certification did not meet the statutory requirements under K.S.A. 2017 Supp. 8-1002(a)—because both certifying officers listed in the signature block on the certification did not sign the form—and dismissed the action against Cantu under K.S.A. 2017 Supp. 8-1002(f). Eight days after dismissing the action, however, the KDR sent a letter rescinding its dismissal as improper because the two officers' names on the certification actually belonged to the same person who had recently married. The letter advised that Cantu's action would be set for a hearing.

8

Cantu's counsel objected twice at the administrative level, arguing that the KDR lacked authority to rescind the dismissal. After holding an administrative hearing, the hearing officer rejected Cantu's objection and affirmed the suspension and restriction of Cantu's driving privileges. Cantu timely filed a petition for review and then filed a motion to dismiss where he argued that the district court lacked subject matter jurisdiction. The district court denied Cantu's motion to dismiss and affirmed the agency action.

On appeal, Cantu argued that the KDR's dismissal was a final agency action under K.S.A. 77-607(b)(1), and that the district court erred when it denied his motion to dismiss for lack of jurisdiction. The KDR argued that Cantu committed a fatal procedural error when he failed to timely file a petition for review within 30 days of receiving the letter rescinding the dismissal. After reviewing the KJRA, the panel held that the dismissal was a final agency action, stating:

"Cantu asserts that the dismissal of KDR's suspension proceedings, which the July 30 letter announced had already occurred, was a final agency action taken pursuant to statute. The above statutory provisions support his claim. The dismissal of an action cannot be considered to be preliminary or preparatory, it is the final step of that proceeding. Cantu, however, would have had no reason to seek judicial review of the dismissal that removed the threat of license suspension; he would naturally take no further action, and KDR's letter told him no hearing would be needed or set and gave him information to obtain a new license if his own had not been enclosed." 2018 WL 2074275, at *4.

The court also disagreed with the KDR that Cantu was required to file a petition for review within 30 days of the KDR's decision to rescind the dismissal and reinstate the proceedings against Cantu:

"[R]einstatement of proceedings which had not yet really begun is the antithesis of a 'final' action. As it was, Cantu's counsel immediately responded to KDR by letter, objecting that the dismissal was final and asking for any authority KDR believed

9

authorized it to unilaterally reverse its dismissal. Cantu's counsel then filed a motion to dismiss on jurisdictional grounds at the administrative hearing level and, after the hearing officer denied dismissal, *did* petition for judicial review based on the agency's final administrative action and filed a further motion to dismiss with the district court. Finally, when the district court denied that motion, Cantu again raises it on appeal. *Cantu has asserted his position at every level and sought judicial review when he actually had a final order. Judicial review at the outset of the reinstated proceedings would have been premature*." (Emphases added.) 2018 WL 2074275, at *4.

In comparing *Cantu* to this case, the *Cantu* panel did not review K.S.A. 2017 Supp. 8-1020. Rather, the panel reviewed the dismissal under K.S.A. 2017 Supp. 8-1002(f) and held that subsection (f) provided KDR with authority to dismiss the action if the certification did not meet the specific requirements outlined in subsection (a). 2018 WL 2074275, at *4-5. Thus, the *Cantu* decision differs based on the authorizing statute under review. Additionally, the procedural timing of the dismissals vary. The dismissal in *Cantu* occurred before a hearing officer conducted a hearing. Here, Fanoele dismissed the case after conducting a hearing and serving an order of dismissal on Pearson's counsel. See K.S.A. 2017 Supp. 8-1020(m), (n).

Nevertheless, the *Cantu* panel's reasoning supports that Pearson was not required to file a petition for review of the November 23, 2016 notice scheduling the proceedings for a second hearing. The first order that dismissed the action against Pearson on October 5, 2016, constituted a final agency action. See *Johnson*, 29 Kan. App. 2d at 459. However, the hearing officer, Fanoele, altered the finality of the action when she withdrew the order of dismissal. Pearson no longer had an order with an effective date from which to file a petition for review.

Under K.S.A. 77-607(b)(2), the notice scheduling the second hearing was also a nonfinal agency action. The notice was a preliminary or preparatory action and showed an intention to conduct further proceedings in the subsequent agency action, i.e., for the

10

hearing officer to determine whether to affirm or dismiss the suspension or restriction of Pearson's driving privileges. See K.S.A. 77-607(b)(2); K.S.A. 2017 Supp. 8-1020(m), (n). Also, the KDR's notice confirmed that the KDR reinstated the proceedings against Pearson and, as the *Cantu* panel reasoned, that "[j]udicial review at the outset of the reinstated proceedings would have been premature." 2018 WL 2074275, at *4.

The KDR's arguments that this court lacks jurisdiction is without merit. The November 23, 2016 notice scheduling Pearson's case for a new hearing was not a final agency action. See K.S.A. 77-607(a), (b)(2). Pearson timely filed a petition for review from the second order affirming the suspension of his driving privileges. Thus, this court has jurisdiction over his petition for review regardless of whether Pearson sought judicial review of any related nonfinal agency action. See K.S.A. 77-607(a).

*The Merits*

K.S.A. 2017 Supp. 8-1020 lists the requirements and procedures that apply in an administrative hearing for a driver's license suspension order that begins when a person is served with an officer's certification and notice of suspension under K.S.A. 2017 Supp. 8-1002. See K.S.A. 2017 Supp. 8-1020(a); *Pieren-Abbott*, 279 Kan. at 89.

Appeals from an administrative suspension of driver's licenses are subject to review under K.S.A. 77-601 et seq., the KJRA, except that appeals to the district court are de novo. See K.S.A. 2017 Supp. 8-1020(o), (p); K.S.A. 2017 Supp. 8-259(a); *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). Under the KJRA, the district court may grant relief if the agency action violated constitutional rights, the agency engaged in unlawful procedure or failed to follow a prescribed procedure, or if the agency action was otherwise unreasonable, arbitrary, or capricious. K.S.A. 2017 Supp. 77-621(c)(1), (5), (8). Under the KJRA, the party asserting the agency action is invalid has the burden of proof. K.S.A. 2017 Supp. 77-621(a)(1).

11

Generally, an appellate court "reviews a district court's decision in a driver's license suspension case to determine whether it is supported by substantial competent evidence. Only when there is no factual dispute does an appellate court exercise de novo review. [Citations omitted.]" *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Because the district court's decision was based on stipulated facts, this court has de novo review.

To the extent this determination requires statutory interpretation, this court has an unlimited review. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). When interpreting statutes:

> "'An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. [Citation omitted.] When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history or other background considerations to construe the legislature's intent. [Citations omitted.]'" *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

Next, the parties and the district court contest whether this court's decision in *Johnson* determines that the hearing officer had authority to reconsider the October 5, 2016 order of dismissal without another official at the KDR or Pearson filing a request. Before considering *Johnson,* a review of the applicable administrative law and the relevant statutory provisions under K.S.A. 2017 Supp. 8-1020 is appropriate.

*General Administrative Law*

Generally, "[a]dministrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is no general or common law power that can be exercised by an administrative agency." *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 378, 673 P.2d 1126 (1983). Because agencies lack common law powers, "[a]ny authority claimed by an agency or board must be conferred in the authorizing statutes either expressly or by clear implication from the express powers granted." *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 455, 228 P.3d 403 (2010). As applied to an agency's power to reconsider, our Supreme Court explained in *Warburton v. Warkentin*, 185 Kan. 468, 475, 345 P.2d 992 (1959), that

> "'it is often held that administrative tribunals, in the absence of statute, have no power to reconsider, grant a rehearing on, or set aside, their final determinations. The power of administrative authorities to reconsider or modify their own determinations may exist by reason of express provision of statute, or its existence may be inferred from a statutory provision. Lacking this, whether the power exists depends upon an interpretation of the entire statute and policy applicable to the particular administrative agency. Administrative determinations are subject to reconsideration and change where they have not passed beyond the control of the administrative authorities, as where the determinations are not final, but interlocutory, or where the powers and jurisdiction of the administrative authorities are continuing in nature.'"

*The Authorizing Statute*

K.S.A. 2017 Supp. 8-1020 states the requirements and procedures in a driver's license suspension administrative action that begins when the person is served with an officer's certification and notice of suspension under K.S.A. 2017 Supp. 8-1002. See K.S.A. 2017 Supp. 8-1020(a); K.S.A. 2017 Supp. 8-1002(a) ("Whenever a test is

13

requested pursuant to this act and results in either a test failure or test refusal, a law enforcement officer's certification shall be prepared.").

K.S.A. 2017 Supp. 8-1020(d)(1) requires that "[u]pon receipt of a timely request for a hearing together with the required hearing fee, the division shall forthwith set the matter for hearing before a representative of the director and provide notice of the extension of temporary driving privileges." At the hearing, "the licensee has the burden of proof by a preponderance of the evidence to show that the facts set out in the officer's certification are false or insufficient and that the order suspending or suspending and restricting the licensee's driving privileges should be dismissed." K.S.A. 2017 Supp. 8-1020(k).

K.S.A. 2017 Supp. 8-1020(m) authorizes the representative of the director to conduct the hearing and addresses how the official may decide the action:

> "After the hearing, the representative of the director shall enter an order affirming the order of suspension or suspension and restriction of driving privileges or for good cause appearing therefor, dismiss the administrative action. If the representative of the director enters an order affirming the order of suspension or suspension and restriction of driving privileges, the suspension or suspension and restriction shall begin on the 30th day after the effective date of the order of suspension or suspension and restriction."

K.S.A. 2017 Supp. 8-1020(n) provides that a hearing officer may issue an order at the close of the proceeding and must personally serve the licensee or his attorney with a copy of the order at that time. It defines the "effective date" of an order as the "date upon which the hearing order is served, whether served in person or by mail." K.S.A. 2017 Supp. 8-1020(n). In this case, this statutory provision was followed precisely.

K.S.A. 2017 Supp. 8-1020(o) and (p) and K.S.A. 2017 Supp. 8-259(a) state the requirements for filing a petition for review of an issued administrative order:

"(o) *The licensee* may file a petition for review of the hearing order pursuant to K.S.A. 8-259, and amendments thereto. Upon filing a petition for review, the licensee shall serve the secretary of revenue with a copy of the petition and summons. Upon receipt of a copy of the petition for review by the secretary, the temporary license issued pursuant to subsection (b) shall be extended until the decision on the petition for review is final.

"(p) Such review shall be in accordance with this section and the [KJRA]. To the extent that this section and any other provision of law conflicts, this section shall prevail. The petition for review shall be filed within 14 days after the effective date of the order." (Emphasis added.)

K.S.A. 2017 Supp. 8-259(a), in relevant part, states:

"[T]he cancellation, suspension, revocation, disqualification or denial of a person's driving privileges by the division is subject to review. *Such review shall be in accordance with the [KJRA]. In the case of review of an order of suspension under K.S.A. 8-1001 et seq. . . . the petition for review shall be filed within 14 days after the effective date of the order* and venue of the action for review is the county where the administrative proceeding was held or the county where the person was arrested. In all other cases, the time for filing the petition is as provided by K.S.A. 77-613, and amendments thereto, and venue is the county where the licensee resides. The action for review shall be by trial de novo to the court." (Emphasis added.)

K.S.A. 2017 Supp. 8-1020(q) places the burden on the licensee to show that the agency's order should be set aside on judicial review.

## Do the Statutes Expressly Grant a Hearing Officer the Power to Reconsider, Grant a Rehearing, or Set Aside an Administrative Order?

There is no statute that specifies when a hearing officer loses jurisdiction over an administrative order. Although subsections (o) and (p) of K.S.A. 2017 Supp. 8-1020 state that the KJRA and K.S.A. 2017 Supp. 8-259(a) apply to judicial review and that the

15

licensee must file a petition for review within 14 days of the effective date on the order, the statutory provisions do not expressly state that the representative of the director has the power to reconsider, rehear, or set aside an issued order. In *Johnson*, 29 Kan. App. 2d at 457, this court held that K.S.A. 77-613 implies that a request for reconsideration is permissible. But K.S.A. 77-613 does not contain any language granting hearing officers the authority sua sponte to reconsider, rehear, or set aside after issuing a final agency action. Rather, the statute simply states how a reconsideration request affects the timing for filing a petition for review.

Accordingly, the Kansas Legislature did not expressly grant hearing officers the authority to reconsider, grant a rehearing, or set aside an administrative suspension order after the order's effective date.

### DO THE STATUTES IMPLICITLY GRANT THE HEARING OFFICER THE POWER TO RECONSIDER, GRANT A REHEARING, OR SET ASIDE AN ADMINISTRATIVE ORDER?

Likewise, the statutory provisions under K.S.A. 2017 Supp. 8-1020 and K.S.A. 2017 Supp. 8-259(a) do not implicitly grant the representative of the director any power to sua sponte reconsider, rehear, or set aside an issued order with an effective date. In *Cantu*, the KDR dismissed the action against the licensee under a different statutory provision but the panel's reasoning is persuasive:

> "KDR argues its error in dismissing Cantu's case was based on a reasonable misunderstanding and caused little prejudice. On these facts that may be true, *but those factors do not create jurisdiction where the Legislature has given none*. KDR has explicit authority—and direction—to dismiss if its required review upon receiving the certification shows any deficiency. *KDR identified a problem and Cantu's suspension case was dismissed as required by the statute. At that point, KDR's jurisdiction over any suspension of Cantu's license based on the July 11, 2015 stop ended. KDR has directed us to no authority for the resurrection of the case*. The fact that no institution is perfect

16

does not mean every mistake is paired with the authority for its correction." (Emphases added.) 2018 WL 2074275, at *5.

The panel in *Cantu* held that the KDR lost jurisdiction over Cantu's suspension action when the KDR dismissed the action against Cantu under K.S.A. 2017 Supp. 8-1002(f). 2018 WL 2074275, at *5. There is simply no statute granting the KDR any additional authority to resurrect a case after the dismissal.

Although the authority statutes in *Cantu* differs, the reasoning applies. The KDR lacks authority over the final agency action unless the authorizing statute confers an express or implicit grant of authority. See *Warburton*, 185 Kan. at 475; *Cantu*, 2018 WL 2074275, at *5. Fanoele, as the hearing officer, determined that Pearson met his burden and dismissed the action against him because Officer Garrett failed to appear and the breath-test results were not considered. The dismissal was authorized by K.S.A. 2017 Supp. 8-1020(m), and the order had an effective date of October 5, 2016. K.S.A. 2017 Supp. 8-1020 and K.S.A. 2017 Supp. 8-259(a) did not grant Fanoele any authority to resurrect the action against Pearson after the effective date of the order dismissing the action.

However, the district court held and the KDR argues on appeal that Fanoele had the authority as a party or a representative of the director to "effect" reconsideration of an administrative order based on this court's decision in *Johnson*.

Johnson v. Kansas Dept. of Revenue

In *Johnson*, the hearing officer conducted a hearing and later entered an order on May 19, 1999, that restricted and suspended Johnson's driving privileges. No petition for review was filed from the May 19, 1999 order. After the 10-day period for filing a petition for review filing had expired, the KDR filed a motion for reconsideration with

17

the hearing officer and argued that the length of the suspension was incorrect based on Johnson's driving record. Johnson objected. After a telephone conference, the hearing officer agreed with the KDR and issued an amended order changing the length of his suspension. Johnson petitioned for review but the district court affirmed the amended order. On appeal, Johnson argued the hearing officer lacked jurisdiction to decide KDR's motion for reconsideration of the May 19, 1999 order.

The panel found that under K.S.A. 2000 Supp. 8-259(a) and K.S.A. 2000 Supp. 8-1002(o), the KJRA applied to the judicial review and that a petition for review must be filed within 10 days of the order's effective date. 29 Kan. App. 2d at 456-57. Also, the panel held K.S.A. 2000 Supp. 8-259 and the KJRA do not specifically authorize requests for reconsideration and that the Kansas Administrative Procedure Act (KAPA) did not apply because the statutes did not expressly incorporate the KAPA into the proceedings. 29 Kan. App. 2d at 457-59.

The panel ultimately held that a party may petition for reconsideration after the order's effective date within the 10-day period for filing a petition for review. 29 Kan. App. 2d 455, Syl. ¶ 2. The panel's conclusion relied, in part, on K.S.A. 77-613 and our Supreme Court's holding in *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 15, 687 P.2d 603 (1984). Specifically, the panel held that the KJRA implicitly permits requests for reconsideration because K.S.A. 77-613 discusses the effect a request for reconsideration has on the time for filing a petition for review. *Johnson*, 29 Kan. App. 2d at 457. Additionally, the panel found our Supreme Court's holding in *City of Shawnee*, 236 Kan. at 15, was persuasive:

> "'[W]hen an administrative board acts in a quasi-judicial capacity, as in the instant case, and enters a final order or judgment, its jurisdiction to reconsider or change such order or judgment ceases from and after the time a valid appeal has been perfected; the

18

jurisdiction of the board remains suspended during the pendency of the appeal.' [Citation omitted.]" *Johnson*, 29 Kan. App. 2d at 457-58.

In the end, the *Johnson* panel held that

"the hearing officer's May 19, 1999, administrative order was a final agency action. As such, KDR had 10 days in which to either request a reconsideration from the hearing officer or to effect judicial review of the order. KDR's motion for reconsideration was untimely and the hearing officer was without jurisdiction to amend the suspension order." 29 Kan. App. 2d at 459.

Before addressing the district court's ruling, the *Johnson* holding differs from this case on an important point. While the *Johnson* panel held that a *request* for reconsideration is permissible, the panel also held that the hearing officer lacked jurisdiction because the KDR's request was untimely, i.e., outside the 10-day period for filing a petition for review. 29 Kan. App. 2d at 459. Here, Fanoele withdrew the first order dismissing the action against Pearson and reset the matter for a second hearing within the statutory 14-day time period for filing a petition for review under K.S.A. 2017 Supp. 8-1020(p) and K.S.A. 2017 Supp. 8-259(a). Thus, Fanoele's action occurred within the permissible time period to decide requests for reconsideration under *Johnson*.

The district court held that under *Johnson*, Fanoele had authority as a party or the representative of the director addressing the district court's ruling. The *Johnson* panel specifically held "it is permissible for a party to petition for reconsideration of a hearing officer's administrative order during the 10 days following the effective date of the order." 29 Kan. App. 2d 455, Syl. ¶ 2. As the hearing officer, Fanoele was not a party to the agency action. Rather, Fanoele was statutorily authorized to conduct the hearing and either affirm or dismiss the suspension action. See K.S.A. 2017 Supp. 8-1020(m), (n). Moreover, the *Johnson* decision states the "[KDR] filed a motion for reconsideration with the hearing examiner." 29 Kan. App. 2d at 456. Therefore, the facts support that another

19

KDR official requested reconsideration, not the hearing officer. Also, the *Johnson* panel relied on K.S.A. 77-613 and the *City of Shawnee* decision for legal support. K.S.A. 77-613 merely addresses how a request for reconsideration impacts the time for filing a petition for review. Moreover, the *City of Shawnee* decision provides that a hearing officer acts in a quasi-judicial capacity during a suspension hearing, not as a party to the agency action. See *City of Shawnee*, 236 Kan. at 15; see also *Mobil Exploration & Producing U.S. Inc. v. Kansas Corporation Comm'n*, 258 Kan. 796, 821, 908 P.2d 1276 (1995) ("An administrative body empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature is acting in a quasi-judicial capacity. [Citation omitted.]").

The district court erred in finding Fanoele was a party to the action and that she had any authority under *Johnson* to withdraw the order of dismissal and to reset the matter for a hearing.

On appeal, the KDR argues that, as the representative of the director, Fanoele was permitted to "effect" a reconsideration on behalf of the KDR and to reset the matter for a hearing because (1) the KDR is not otherwise represented at the hearings; and (2) Pearson concedes that a hearing officer has discretion to grant continuances. The KDR's arguments are unpersuasive.

For support, the KDR first cites *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, 330, 851 P.3d 1385 (1993). But *Zurawski* does not address a hearing officer's authority to "effect" a reconsideration of an order. Instead, the panel held that the KDR could not raise an evidentiary issue in a district court's de novo hearing that was not raised at the administrative hearing. 18 Kan. App. 2d at 330. The *Zurawski* decision does not provide legal support to the KDR's claim. The KDR likely cites to *Zurawski* for the factual assertion that the KDR does not have attorneys appear on its behalf at the suspension hearings. See 18 Kan. App. 2d at 330. But this point is also factually

20

unpersuasive. Here, Fanoele did not withdraw the order at the hearing. Moreover, Fanoele was not acting on the KDR's behalf at the hearing. She was acting in a quasi-judicial capacity under K.S.A. 2017 Supp. 8-1020(m) and (n).

The KDR also argues that because Pearson concedes that the hearing officer had discretion to grant a continuance before the hearing, Fanoele could request the Hearing Section to reset the hearing. See *Reese v. Kansas Dept. of Revenue*, No. 104,721, 2012 WL 401620, at *1-2 (Kan. App. 2012) (unpublished opinion). The KDR's argument misses the point. Factually, Fanoele did not grant a continuance before or during the hearing based on Officer Garrett's absence. Rather, Fanoele dismissed the action and issued an order dismissing the action due to the officer's absence. The KDR's argument fails because it overlooks that Fanoele still needs statutory authority to effect a reconsideration or change to the order of dismissal.

Pearson argues that because the *Johnson* panel found that the KDR does not have an implied power to retry driver's license suspension hearings at will, the hearing officer lacks the power to reconsider an issued administrative order on his or her own volition. See 29 Kan. App. 2d at 458. In *Johnson*, the panel found that the KDR's argument failed because:

> "For authority, KDR cites *Pitts v. Kansas Dental Bd.*, 267 Kan. 775, 987 P.2d 348 (1999). In *Pitts*, the Kansas Supreme Court held that the mere absence of language in the Kansas Dental Act, K.S.A. 65-1421 *et seq.*, authorizing reinstatement of a dentist's previously revoked license did not reflect the legislative intent to permanently bar the Dental Board from readmitting such dentists into the profession. *However, the Dental Board was not relitigating the facts which prompted the original revocation. It is inconceivable our legislature promulgated KAPA, KJRA, and K.S.A. 2000 Supp. 8-259 with the intention that KDR would retain inherent power to retry driver's license suspension hearings at will*." (Emphasis added.) 29 Kan. App. 2d at 458-59.

21

Because this appeal also involves the relitigation of the facts, the *Johnson* panel's determination is not entirely on point because the panel was focused on whether the hearing officer had jurisdiction based on the timeliness of the KDR's request. See 29 Kan. App. 2d at 456-59.

*Applying* Johnson

According to *Johnson*, a party may request reconsideration of the final agency action during the 14-day time period for filing a petition for review. See 29 Kan. App. 2d at 457-59. Here, neither party requested reconsideration. Instead, Fanoele, acting as the hearing officer, withdrew the order that she issued dismissing the action against Pearson the day after the effective date of the order. Because *Johnson* limits a hearing officer's power to reconsider a final agency action to a party's request for reconsideration, Fanoele lacked the authority to withdraw the order of dismissal and to reinstate the proceedings against Pearson. While Fanoele acted within the 14-day jurisdictional window, she lacked the express or implicit statutory authority to sua sponte reconsider the dismissal, grant a rehearing, or set aside the final agency action.

The district court erred in affirming the hearing officer's second order suspending Pearson's driving privileges because the first hearing officer lacked the statutory authority to withdraw the order dismissing Pearson's suspension action. Pearson has met his burden to prove that the agency's action was invalid and should be set aside. See K.S.A. 2017 Supp. 8-1020(q); K.S.A. 2017 Supp. 77-621(a)(1).

*Additional Arguments*

Pearson also argues that this court should grant him relief because Fanoele's decision withdrawing the first administrative order and reinstating the suspension case against him violated his due process rights, violated the separation of powers doctrine,

and was financially and legally prejudicial against him. These matters are moot due to the reversal of the second hearing officer and the district court.

The rulings entered by the hearing officers and the district court are reversed. This case is dismissed consistent with the hearing officer's order of dismissal.